# CHARLESTON.

STATE *ex rel.* W. W. VANDELINDE *v.* RUSH McComas *et als.*
COMMISSIONERS, ETC.

Submitted December 16, 1924.   Decided December 22, 1924.

1. ELECTIONS—*Averment by Respondent of a Discrepancy Between Number of Ballots Cast and Persons Voting Not Sufficient to Discredit Findings of Canvassing Board.*

   In mandamus a general replication to respondent's answer puts him upon proof of the matters relied upon by him therein, and mere averment by respondent that there is a discrepancy between the ballots cast at an election precinct and the number of persons voting, as shown by the poll books, is not sufficient to discredit the findings of the canvassing board, based upon a canvass of the ballots. (p. 668).

2. SAME—*Ballots Are Best Evidence of Expression of Voters.*

   Where the integrity of the ballots has been properly preserved they are the best evidence of the expression of the voters at the polls. (p. 668).

3. SAME—*Recount of Ballots Having Been Made Further Recount Not Allowed on Demand of Candidate Present at First Recount.*

   Where there has been one recount conducted to the satisfaction of the ballot commissioners, and the ballots have been re-sealed and endorsed, the right to demand a further recount by candidates at whose instance or in whose presence the one recount has been made ought not to be allowed. (p. 669).

4. SAME—*When No Attack Is Made Upon Integrity of Ballots Certificate of Election Must Be Based Upon Result of Recount.*

   Upon a recount of the ballots, no attack upon their integrity having been made, the certificate of election issued by the board of canvassers must be based upon the result of its recount of the ballots, not upon its opinions arbitrarily arrived at. (p. 670).

5. SAME—*Canvasser Has No Right to Again Re-count a Precinct After a Recount Has Been Made, Certificates Issued and Adjournment of the Board Because of Dissatisfaction With the Result.*

   After a recount has been had, a certificate of election issued,
   97 W. Va.

and the canvassing board adjourned, a canvasser has no right
to review, re-examine or recount a precinct, because of dissat-
isfaction with the result of the recount therein. (p. 670).

Peremptory writ of mandamus in the case of State ex rel.
W. W. Vandeline against Rush McComas and others, Com-
missioners of County Court of Lincoln County.

*Writ awarded.*

*W. T. Levine,* for realtor.

*C. E. Copen* and *J. D. Smith,* for respondents.

HATCHER, JUDGE:

At the regular election, 1924, held in the County of Lin-
coln, there were two candidates for sheriff, to-wit, J. C. Mes-
singer and W. W. Vandelinde. Upon a canvass of the official
returns it appears from the official record that Messinger re-
ceived 3328 votes and Vandelinde received 3327 votes. There-
upon a recount of the ballots was demanded by Vandelinde,
and November 24, 1924, was fixed by the canvassing board
as the date for such recount. On that date the board met
and according to the official record "proceeded on a recount
of all votes cast for the offices of sheriff," etc., at which recount
it appears that Messinger as well as Vandelinde were present,
making motions and taking exception to rulings of the board
unfavorable to them. There are thirty precincts in Lincoln
County, and as to each precinct the record shows that the
clerk placed before the board the poll book, tally sheets, elec-
tion returns and ballots for said election. "Thereupon, the
board proceeded to recount and did recount all the votes
cast in said precinct at said election and doth find and ascer-
tain that for the office of sheriff of Lincoln County, West
Virginia, J. C. Messinger received 96 votes, for the office of
sheriff of Lincoln County, West Virginia, W. W. Vandeline
received 101 votes."

The foregoing is quoted from the record showing the pro-
ceedings of the board as to precinct No. 1, Carroll District.
The record contains the same form of order as to each of the
other precincts in the county.

The recount proceeded on November 24th, 25th and 26th,

being completed on the latter date, as to which the record states: ''The board now having recounted all the ballots returned by the election officers in all precincts in Lincoln County, West Virginia, for the election held on the 4th day of November, 1924, adjourned until the 27th day of November, 1924, without declaring or ascertaining the result of said election for the offices of sheriff of Lincoln County, West Virginia, or Commissioner of the County Court of said county, and the said Board does not, by anything in this or any preceding order appearing herein, intend to ascertain or determine the result of said election with respect to the offices aforesaid.''

On November 27th, the Board again met and J. C. Messinger ''moved the board to open the sealed packages and again count'' the ballots in six of the precincts, which motion was overruled. Several other motions were made, the materiality of which is not apparent here, and then on motion of Messinger the board adjourned until December 1, 1924.

On December 1, after several more motions not material for the purposes of this case, J. C. Messinger moved the Board ''to disregard the recount of the votes cast for the office of Sheriff of Lincoln County, West Virginia, at the election held therein on the 4th day of November, 1924, and to issue to him, the said J. C. Messinger, a certificate of election, as sheriff of said county, and to ascertain and declare the result of said election by means of the original returns as certified to by the commissioners and clerks of election in all the precincts of said county, which motion, the Board, after mature consideration, sustained, and it is therefore ordered that a certificate of election be issued to said J. C. Messinger, as Sheriff of Lincoln County, West Virginia, he having, in the opinion of the Board, been elected to such office at the election held therein on the 4th day of November, 1924, to which action of the Board in sustaining said motion, and in issuing the certificate of election to said J. C. Messinger, as Sheriff aforesaid, the said W. W. Vandalinde objected and excepted.''

Upon the petition of Vandelinde to this court, an alternative writ of mandamus was awarded against the Board of Canvassers of Lincoln County.

The joint answer of two members of the Board makes no denial of any of the foregoing facts, but attempts justification by the following:

"Your respondents state that by reason of many discrepancies which will be later shown in this answer, it was impossible for said Board of Canvassers from the ballots themselves, to ascertain who had received the greater number of votes for the office of Sheriff of Lincoln County, by reason of which discrepancies and many other irregularities, reference to which will be made later, the said court acting as a Board of Canvassers was compelled to declare the results of said election upon the original tally sheets and returns as certified and sent to the court by the election officers in the different precincts of said county as required by law, that being in the opinion of said Board of Canvassers, the most conclusive evidence of said election on the office of Sheriff."

The discrepancies alleged were that in seven of the precincts there were a greater number of ballots severally returned than there were names of voters appearing upon the poll book of each precinct and in eleven precincts there were less ballots severally returned than there were names of voters appearing upon the poll books of each precinct.

As a final reason for its action the answer states that the board, knowing it was the duty of the election officials to be sworn, and that the "tallying" of the vote by the clerks was most likely correct, did declare the result of the election upon the returns of the election officers, although in the very same sentence is the allegation that the board had "positive" information that at two precincts the officers had not been sworn and that it appeared from the "poll books and tally sheets" of several precincts that the "oath of office therein had not been signed." The sentence above referred to concludes:

"In order to correctly ascertain the results of said election for said office of sheriff the court did not declare to ascertain the result of said recount as to said office of sheriff, but did declare and ascertain the results of said election upon the

> returns as made, certified and returned by the election officers holding said election in the various precincts of said county, from which it was determined that J. C. Messinger received the majority of votes cast for the office of sheriff and it was ordered and directed that by said board that a certificate of election be issued to J. C. Messinger as the elected sheriff of Lincoln County."

The answer also contains the statement that Rush McComas, one of the members of the board, is not now satisfied with the result of such recount, and that if the court be reconvened as a Board of Canvassers he desires a recount of several of the precincts as to the vote cast for sheriff.

The answer prays that the peremptory writ be refused, but that if the Canvassing Board be reconvened, it be permitted to open and recount the ballots in the precincts set forth in the motion of J. C. Messinger before declaring the result of the election on the recount.

J. C. Messinger filed an answer to the petition containing like allegations and a like prayer to that of the two members of the board.

As none of the alleged discrepancies appear in the record and no proof is offered in support thereof, and a general replication is filed by the relator to each answer, we can not lend an ear to the allegations of respondent in this respect in our determination of the case. From the record, the recount was complete in every way, except the mere addition of the votes received by each candidate in several precincts. A tabulation of these votes from the record shows that Vandelinde received 3,349 votes and Messinger received 3,327 votes, Vandelinde having a majority of 22 votes should have been given a certificate of his election.

A motion made by Vandelinde on November 27th that the officials of certain precincts be summoned before the board for the purpose of correcting any irregularities appearing in the returns, should then have been granted, if in fact, there were irregular or deficient returns.

Among the powers granted a canvassing board by sec. 68 of ch. 3 of the Code is the authority to require the attendance of election officials before it, and have them testify respecting

the returns, etc., so that correct returns may be procured. The unusual confidence placed by this canvassing board in the returns from certain precincts which it now states were made by officials not under oath might ordinarily be considered fine. But the laws of West Virginia require that election officials be sworn. Even where the certificates of the result of an election are regular in every way, such returns may not be considered stronger evidence of the result of the election than the ballots, when properly identified, unless it appears that the ballots have not been preserved in the manner prescribed by statute. *Stafford* v. *Sheppard,* 57 W. Va. 84, 50 S. E. 1016. The answers make no charge and the record discloses no fact to destroy the "primary and higher" evidence of the ballots in this case.

The motion of Messinger that the board again count the ballots in certain precincts was properly denied. Messinger was present either in person or by attorney when each of said precincts was counted, taking part therein. Commenting upon the right of recount given a candidate under the statute, this court in *Chenowith* v. *Commissioners,* 26 W. Va. 230, at page 235, said:

> "The object of the statute was evidently to furnish the means of revising and correcting any mistakes or blunders of the district commissioners by the county commissioners. When this is done to the satisfaction of the commissioners and the ballots resealed and endorsed, the right to demand a further recount by candidates at whose instance *or in whose presence one recount has been made ought not to be allowed.*" (Italics ours).

Counsel for respondents cite *Dent* v. *Board of Commissioners,* 45 W. Va. 750, 32 S. E. 250, in support of Commissioner McComas' prayer that another count be had of certain precincts. In the Dent case Judge BRANNON said:

> "I have no hesitation in saying that if a canvasser, before he signs a result, becomes dissatisfied and desires a review and re-examination and recount of the ballots, he has the right to have it."

97 W. Va.

We find no evidence in the record, and in fact Commissioner McComas does not so state, that *before he signed the certificate of Mr. Messinger he became dissatisfied.* So we conclude that the holding in the Dent case does not apply to the one under consideration, and that the dissatisfaction of the commissioner, expressed after declaring Messinger elected and awarding him his certificate of election and after the adjournment of the Canvassing Board, is not timely.

The duties of a Canvassing Board in this State are carefully circumscribed by statute and decision. See *Dunlevy* v. *County Court,* 47 W. Va. 513, 35 S. E. 956, and *Brazie* v. *Commissioners,* 25 W. Va. 213. The record shows that the recount of the ballots in each precinct in Lincoln County was made in accordance with law. It discloses no reason for the rejection by the Canvassing Board of its recount, thus formally made and solemnly recorded. Arbitrary action on the part of such a board will not be tolerated, and the right of a candidate to a certificate of election can not be made subject to the *opinion* of the board, as was attempted in this case.

The peremptory writ as prayed for is awarded.

*Writ awarded.*