MAE McCORMICK EDWARDS *v.* IRA P. BAER, JUDGE, ETC., *et al.*

(No. 7270)

Submitted February 9, 1932.   Decided February 16, 1932.

*Russell S. Ritz,* and *T. Selden Jones,* for relator.
*John T. Graham,* for respondents.

WOODS, JUDGE:

Mae McCormick Edwards seeks, by mandamus, to compel the judge of the domestic relations court of Cabell county to allow her necessary suit money and counsel fees to prosecute the appeal awarded her in this Court in her action of maintenance against her husband, C. Fred Edwards. She alleges in the petition, which is duly verified by affidavit, that she is without funds with which to prosecute said appeal and to compensate counsel for prosecuting same in her behalf; that she moved the domestic relations court of Cabell county for such necessary suit money for the above purpose, but that the said court denied and refused her motion. Her divorce suit against C. Fred Edwards was carried to this Court by defendant. 106 W. Va. 446, 145 S. E. 813, 817. While that part of the decree awarding plaintiff a divorce was reversed on the grounds of inequitable and improper marital conduct of the wife, the denial of relief under defendant's crossbill was affirmed. At the conclusion of that opinion it was stated that ''The common law and statutory duty of maintenance of his wife remains with the defendant. The courts will be open to her in that behalf if necessary.'' Suit for maintenance was thereupon instituted by the wife. A final decree was entered in the domestic relations court awarding her a judgment for $2,700.00, a monthly payment of $200.00 and $750.00 for counsel fees and suit money. That decree, upon appeal by relator to the circuit court of Cabell county was affirmed. Thereupon the relator secured an appeal to this Court. It is to prosecute this appeal that she seeks suit money and counsel fees.

The respondent husband and the judge of the domestic relations court filed separate answers, both duly verified. To these the relator replied generally. It is charged in each answer that relator, at the institution of her maintenance suit in the domestic relations court, was awarded the sum of $250.00 for suit money and that said money was never spent

by the relator (for the purpose of taking depositions outside of the state) but that she or her attorney kept and retained the money and did not use it for its intended purpose.

In mandamus a general replication to respondent's answer puts him upon proof of the matters relied upon by him therein. State v. McComas, 97 W. Va. 664, 125 S. E. 816. The relator here specifically says that she is without funds with which to prosecute the appeal. The respondents have taken no evidence to support their claim. The burden is shifted to them by the law to support it by evidence. In Wass v. Wass, 42 W. Va. 460, 26 S. E. 440, it was held that the question of the amount of alimony and counsel fees is addressed to the sound discretion of the trial court in the first instance. But in the case of State ex rel. v. Maxwell, Judge, 89 W. Va. 31, 108 S. E. 418, it was held in a suit by the wife against her husband for separate maintenance and support, as here, that she is entitled to reasonable amount for suit money and for her support pendente lite, and upon the refusal of the trial court to make such allowance against the defendant she may have a writ of mandamus to compel such allowances as are reasonable and proper in the case. As the instant case presents itself to us, under the last mentioned authority such right to reasonable allowance to the wife seems clear. The lower court seems to attempt to escape from such action by saying that she has been allowed such suit money. Such amount was allowed at the inception of her suit and has doubtless been used in its prosecution. But, according to our view, the defense urged by both the husband and the lower court, has not been established by proof. To deny the wife her allowance of suit money and money to prosecute her appeal would be to deny her relief to which she claims she is entitled. Of course, as in suits for divorce, the merits of the case have nothing to do with her right to money to maintain her suit.

The writ will be awarded as prayed for.

*Writ awarded.*