# CHARLESTON

## CECIL *v.* KARNES *et al.*

Submitted January 22, 1907.    Decided March 12, 1907.

1. EQUITY—*Cross-Bill.*

    A cross-bill is treated as a mere auxiliary suit, or as a dependency upon the original suit, and is in general to be considered as a defense to the original bill or a proceeding necessary to the determination of some matter already in litigation.  (p. 545.)

2. SAME—*Multifariousness.*

    Where several matters joined in the bill against one defendant are so entirely distinct and independent of each other that the defendant will be compelled to unite in his answer and defense different matters wholly unconnected with each other, the bill will be treated as multifarious.  (p. 545.)

3. SAME—*Demurrer.*

    A demurrer to a bill in equity, on the ground of multifariousness, goes to the whole bill, and if sustained, the bill will be dismissed.  (p. 545.)

(POFFENBARGER, JUDGE, Absent.)

Appeal from Circuit Court, Mercer County.

Bill by J. G. Cecil against R. F. Karnes and others. Decree for defendants, and plaintiff appeals.

                                    *Reversed.    Bill Dismissed.*

C. W. SMITH, for appellant.

HALE & PENDLETON, for appellees.

SANDERS, PRESIDENT:

The plaintiff, J. G. Cecil, filed his bill in the circuit court of Mercer county, alleging that in 1896 he purchased from the defendant, R. F. Karnes, a house and lot containing about one acre of land, situate in the town of Princeton, and exhibited with his bill a contract in writing evidencing such purchase; that Karnes afterwards instituted a suit for the purpose of enforcing specifically the contract of sale, which resulted in a decree being rendered in favor of Karnes against Cecil for the balance of the purchase money on account of such purchase, and providing for a sale of the property to satisfy the decree; that certain payments were made upon the decree until the same was reduced to about the sum of one hundred and forty dollars, and that this sum under the direction of Karnes, had been tendered to his attorney. It is also alleged in the bill that some time after the purchase already mentioned, the plaintiff purchased from the defendant Karnes another lot of land, containing about one-half of an acre, adjoining the acre lot, for the sum of fifty dollars, for which he paid the purchase price, and of which he was put in possession, and upon which he made valuable improvements; that this last purchase was by virtue of a parol contract, and that he had not obtained a deed for the lot so purchased. The plaintiff further alleged that after having made sundry payments on the decree aforesaid, Karnes, in fraud of his rights, had sold said lots of land to the defendant, C. A. Brown, who afterwards sold a part thereof to the defendant, R. B. Belcher, and averred that both Brown and Belcher were purchasers with full notice that he was the owner of said lots of land, and asked that the contracts between him and Karnes be enforced, that the sales to Brown and Belcher be set aside, and for general relief.

The defendants, Karnes and Brown, demurred to the plaintiff's bill, and also answered the same. The defendant Belcher did not appear, and as to him the bill was taken for confessed. Depositions were taken, and upon a hearing the court decreed in favor of the defendants as to the one acre lot, but the adjudication of the rights of the parties in respect to the half acre lot was left open, for determi-

nation at a future date.     From this decree Cecil has appealed.

The appellees contend that the demurrer to the bill should have been sustained.   There is no mention of the demurrer in the final decree, nor is there anything in the record anywhere to show that the same was passed upon.   The principles of the cause having been adjudicated, the rule is that where nothing else appears, the demurrer will be treated as having been overruled. *Dimmack* v. *Wheeling Traction Co.*, 58 W. Va. 226; *Craig* v. *Craig.* 54 W. Va. 183; *Fluharty* v. *Mills*, 49 W. Va. 446; *Hinchman* v. *Ballard*, 7 W. Va. 152.

The ground assigned in support of the demurrer is that the matters set up in the bill are not proper for an independent suit—that it was the duty of Cecil to litigate them in the suit brought by Karnes for the specific enforcement of the contract.   On behalf of the appellant it is insisted in argument that the bill is good, in this—that the matter of the purchase of the one-half acre lot, being an independent transaction, cannot be set up in the suit for specific performance; that while Cecil, in that suit, could have had the deed to Brown set aside as to the acre lot, it would have required an independent suit for the purpose of setting same aside as to the one-half acre lot—that the pleading contains the same allegations and the same parties that would be required in a cross-bill, and that it should not be dismissed, but should be allowed to be filed as an original bill in the nature of a cross-bill.   Is this pleading good as a cross-bill?   We do not think it is.   While it is true that it sets up matters which are necessary to the complete determination of matters already in litigation, yet it goes further and brings into the controversy new parties, with distinct interests, and an independent contract, on which it is admitted that a suit for specific performance could be maintained.   "A cross-bill is usually brought, either to obtain a necessary discovery of facts in aid of the defense to the original bill, or to obtain relief to all parties touching the matters of the original bill." *W. Va. O. & L. Co.* v. *Vinal*, 14 W. Va. 638; *Hansford* v. *Coal Co.*, 22 W. Va. 70.

Not being good as a cross-bill, we are to consider whether or not the pleading can be maintained as an original bill, and

at the outset we are met with the principle that a bill cannot embody separate and distinct objects, interests and parties. If it does so, it is open to objection for multifariousness. Is this bill subject to this criticism? The sale of the one acre lot was by written agreement, for the specific performance of which Karnes had already instituted suit, and in that suit a decree for the sale of the property had been pronounced; while the sale of the one-half acre lot is claimed to have been by parol, and to this latter alleged agreement Karnes interposed the defense of the Statute of Frauds. Furthermore, the bill alleged a sale of both lots to a third party, Brown, and a sale by Brown of the one-half acre lot to Belcher. Here we have a bill which cannot be maintained. Belcher is brought as a defendant upon a record with a large portion of which and with the case made by which he has no connection whatever, and the defense interposed by Karnes to the alleged contract in respect to the one-half acre lot would, if the bill were allowed to stand, make two records to be litigated in the same suit. There is not such common liability in the defendants as would justify uniting these two causes of action, both of which are equally the subject of equity jurisdiction. "The bill must not be multifarious— that is, two distinct grounds of equitable relief, even between the same parties, are not to be joined in the same bill." *Guano Co.* v. *Heatherly*, 38 W. Va. 409; *Day* v. *Bldg. & Loan Asso.*, 53 W. Va. 550.

From the conclusion reached, it follows that the demurrer should have been sustained, and the bill failing, all subsequent proceedings go with it. There cannot be a decree without proper pleadings to support it. "No relief can be granted in equity without proper pleadings." *Martin* v. *Kester*, 46 W. Va. 438; *Turner* v. *Stewart*, 51 W. Va. 493; *Handlan* v. *Handlan*, 37 W. Va. 486.

The rule of practice in this State has always been, when a demurrer to a bill is sustained on the ground of multifariousness, that the bill is dismissed. There is not a single instance in which an amendment has been allowed, and we are, therefore, without authority to allow an amendment in this instance, even if the bill could be amended, which is not free from doubt. The reason for denying the right to amend is best stated in *Boyd* v. *Hoyt*, 5 Paige Chy. 79: "The form

and effect of a demurrer to a bill in chancery for multiifariousness, is substantially the same as a demurrer to a declaration at law for a misjoinder of actions, or of different causes of action, which cannot properly be litigated in the same suit. The demurrer, in either case, goes to the whole bill, or declaration." Citing *Gibbs* v. *Claggett*, 2 Gill & J. 29.

Therefore, the bill not being amendable, it is unnecessary to remand the case for further proceedings, but the decree of the circuit court is reversed, the demurrer sustained, and the bill dismissed.

*Reversed. Bill Dismissed.*