# CHARLESTON.

GEO. W. CALLISON, EXECUTOR &C., v. MATTIE J. BRIGHT, *et als.*

Submitted March 2, 1920.    Decided March 9, 1920.

1. WILLS—*Equity Will Construe Wills Only When Necessary.*

    Generally jurisdiction in equity to construe wills arises only in cases where there is necessity for such construction in relation to actual controversies as to matters which are proper subjects of equity jurisdiction. There must be something more in the suit than the mere construction of an instrument. (p. 703).

2. TRUSTS—*Equity Will Construe Instrument Only Where Immediate Necessities Require Construction.*

    A fiduciary will be permitted to come into a court of equity, for construction of an instrument under which he is acting, only for the purpose of guidance in the administration of the estate entrusted to his care as immediate necessities may require, and a court of equity will decline to extend its construction to cover contingencies which may never arise, or, if at all, at some remote date. The decision of such questions will be postponed for future consideration upon the application of such fiduciary, or other person interested, when the occasion therefor arises. (p. 703).

3.  EQUITY—*Cross-Bill Must be Limited in Scope to Subject Matter of Bill.*

　　A cross bill, or an answer in the nature of a cross bill, praying for relief, must be limited in its scope to the subject-matter of the bill. It cannot introduce new and distinct matter, even though the same may be related in · some way to that set up in the bill.　(p. 704).

4.  SAME—*In Executor's Suit for Construction of Will, Widow's Demand for Assignment of Dower was not Proper for Cross-Bill.*

　　In a suit brought by an executor of a decedent's estate to obtain the aid of a court of equity in the administration thereof, an answer in the nature of a cross bill filed by the testator's widow asking that her dower be assigned in the real estate, and also asking that a claim which she asserts against her husband's estate may be adjudicated, and the amount thereof determined and decreed to her, does not present proper matter for a cross bill or answer in the nature of a cross bill, and an exception thereto is properly sustained.　(p. 704).

　　Appeal from Circuit Court, Pocahontas County.

　　Suit by George W. Callison, executor of James K. Bright, deceased, against Mattie J. Bright, Nannie K. Marshall, Roswell C. Bright, and others, for a construction of will. From a decree in favor of Roswell C. Bright, Nannie K. Marshall appeals.

*Reversed in part.　Affirmed in part.*

　　*L. M. McClintic* and *F. R. Hill,* for appellant.
　　*Henry Gilmer.* and *W. A. Bratton,* for appellees.

RITZ, JUDGE:

　　On the 11th day of April, 1918, one James K. Bright died seized of a considerable estate, leaving a will which, omitting the formal parts, is as follows: "1st: After the payment of all my just debts and *buryal expenses* I 'will and bequeath' to my wife, Mattie J. Bright, all my property real and personal, to have the full use and benefit of during her natural life. 2nd: At my wife's death I 'Will and bequeath' to my wife's niece and my *namesake* 'Nannie Kyle Callison' (if she is living at that time) all my property real and personal of every kind and *descriptions* to have and to hold forever. If the said Nannie Kyle

Callison is not living at that time, then I 'will and bequeath' to my brother Roswell C. Bright, now of Clarence, Shelby County, Mo., all my property real and personal. If aforesaid Nannie K. Callison should come in *posession* of the property and should die without 'issue' and there is any part of my estate not used by her up to that time, I want it to go to my brother Roswell." He left surviving him his widow, the defendant Mattie J. Bright named in the will, and also the defendant Nannie K. Marshall, who is the same person as Nannie Kyle Callison, she having subsequent to the making of said will intermarried with one Marshall, and also his brother Roswell C. Bright, who is likewise mentioned in the will. The plaintiff George W. Callison, pursuant to the appointment made in the will, qualified as executor thereof. The estate consisted of a considerable amount of personal property and a small piece of real estate. The widow Mattie J. Bright renounced the provision made for her in the will and elected to take the provision made for her by law in such cases. The executor filed his bill alleging that he has converted all of the personal property into money or interest-bearing securities, and holds the same in his hands; that the debts of the estate are inconsiderable, and that he is in doubt as to what disposition to make of the personal property, Nannie Kyle Marshall claiming that she is entitled to receive the whole thereof remaining after paying to the widow the provision made for her by law, and the defendant Roswell Bright insisting that said Nannie Kyle Marshall is only entitled to receive the beneficial use of such property during her life after the death of the widow, the same to pass to any children she may leave surviving her; or, in case she leaves no children surviving, the same to go to the said Roswell C. Bright. It will be observed by the will that provision was made for the widow by giving her a life estate in all of the property, and the defendant Nannie K. Marshall was given the remainder, if she should be living at the death of the widow; and the further provision is made that in case the said Nannie K. Marshall should not be living at the death of the widow, then the estate should go absolutely to Roswell C. Bright, or, if the said Nannie K. Marshall should be living at that time, and should come into the use of the estate, and die without issue, it should go to the said Roswell

C. Bright.    Nannie K. Marshall contends that the will gives her
a vested remainder in the estate after the death of Mattie J.
Bright, and that the provisions made therein for Roswell C.
Bright are void and cannot take effect.    The executor has
doubt, as he alleges, as to what should be done with the part
of the estate not going to the widow.    Of course, the provision
made for the widow under the law is clear, and there is no
doubt thereof, nor is the aid of the court asked in that regard,
but after paying to the widow the part of the personal estate
to which she is entitled under the law there is left in the hands
of the executor two-thirds thereof, and he asks the advice of
the court as to what disposition to make of this money.    The
court below decreed that he should retain this in his possession
and invest the same until the death of Mattie J. Bright, hold-
ing that Nannie K. Marshall had no right to the possession of
any of such estate unless she survived her aunt, the testator's
widow, and no objection is made to this part of the decree by
either party. · The executor asked the court to go further and
advise him what disposition to make of the estate at the death
of Mattie J. Bright, and in pursuance of this request the court
construed the will, advising the executor what to do under the
various contingencies that might arise, or the various condi-
tions that might exist at that time.    The executor is advised
that in case Nannie K. Marshall departs this life before the
widow, Mattie J. Bright, the estate shall be turned over to
the defendant Roswell C. Bright; that in case the said Nannie K.
Marshall survives the widow, then the executor shall retain
the estate in his hands and pay to Nannie K. Marshall the in-
come arising therefrom during her life, and in case she dies
without issue, turn over the corpus thereof to the defendant
Roswell C. Bright; or if, on the other hand, she should die
leaving living issue, the corpus thereof to be turned over to
such living issue.    It will thus be seen that the court's decree
provides for future contingencies, some of which can never
arise, and none of which may arise.    Courts of equity have no
jurisdiction to construe wills except as an aid to the fiduciary in
administering the estate.    The jurisdiction of courts is ex-
ercised for the purpose of determining actual controversies, and
not for the purpose of settling in advance matters which may

or may not arise, depending upon whether certain conditions exist at a particular future time. It may be that Nannie K. Marshall will have died without issue before the death of Mattie J. Bright, in which event there will be no controversy to settle, and the question upon which the circuit court passed as to the proper construction of this will will become a purely academic one. The holdings of this court have uniformly been that equity jurisdiction only exists to construe a will where there is necessity therefor in relation to actual controversies existing at the time such construction is sought. There must be a present need for the aid of the court in the administration of the estate, and the court will go no further in such construction than the immediate necessities require. It will decline to extend its jurisdiction to the solution of problems which may possibly arise in the future. Such questions will be postponed for future determination, upon the application of the fiduciary, or some party in interest, if the contingencies upon which they depend ever come into existence. *Prichard* v. *Prichard,* 83 W. Va. 652, 98 S. E. 877; *Buskirk* v. *Ragland,* 65 W. Va. 749; *Martin* v. *Martin,* 52 W. Va. 381. It follows that the decree of the circuit court, so far as it provides for future possible contingencies, is improper.

The defendant Mattie J. Bright filed an answer in this case in which she set up a claim for two thousand dollars against the estate of her husband, insisting that her husband received this amount of money belonging to her, and that the estate should account for it, and asked that an account be taken in this case, and the same decreed to her. She also asks that her dower in the real estate be assigned in this suit. While her answer is not formally an answer in the nature of a cross bill it may be treated as such. The court below, however, upon exception, refused to adjudicate the questions presented by her. In this he was clearly right. The bill filed in this case was solely for the purpose of securing the aid of a court of equity in the administration of the estate by the executor. The bill is not for the purpose of settling the decedent's estate, nor is any suggestion made in the bill that there is necessity for resort to a court of equity for that purpose, nor is there any declared intention in the bill of having the real estate disposed

of in any way, either by the assignment of dower or otherwise. Matters sought to be set up in a cross bill answer must be pertinent to the object and purpose of the original bill. A defendant cannot make the suit a new suit and change its purpose by bringing into it by cross bill other matters which may be involved between the parties. Such cross bill or answer in the nature of a cross bill must be limited in its scope to the subject-matter of the bill. It cannot introduce new and distinct matter, even though such subject may be related in some way to that of the bill, or to the matters being litigated between the parties. *Root* v. *Close,* 83 W. Va. 600, 98 S. E. 733; *Peters* v. *Case,* 62 W. Va. 33; *Hansford* v. *Chesapeake Coal Co.,* 22 W. Va. 70; *West Virginia Oil and Oil Land Co.* v. *Vinal,* 14 W. Va. 637. The matters set up by the defendant Mattie J. Bright in her answer are in no wise defensive to the bill. In fact she avers in her answer that she is not at all interested in the controversy which the bill is brought to have settled. The court therefore properly sustained the exceptions to her answer, for the reason that the questions therein sought to be presented for adjudication are not proper to be so presented in this suit. If she desires to have her dower laid off in the real estate, and the interested parties cannot agree thereon, she may bring a suit for that purpose. If she has a claim against the estate of her deceased husband, and the validity of it is denied, she may bring her suit to establish the same.

It follows from what we have said that so much of the decree of the circuit court as directs the executor what to do with the estate upon the death of Mattie J. Bright, under the various contingencies or conditions which may exist at that time, will be reversed, and these questions left open to be determined upon the facts found to exist when that event arrives. In all other respects the decree will be affirmed.

*Reversed in part.    Affirmed in part.*