# CHARLESTON.

Pearl Hall Hale *v.* Rufus A. Hale

(No. 6538)

Submitted October 2, 1929. Decided December 10, 1929.

338

*McClaugherty & Lewis, H. F. Porterfield,* and *Russell S. Ritz,* for appellant.

*Sanders, Crockett, Fox & Sanders,* and *Arthur F. Kingdon,* for appellee.

LITZ, JUDGE:

The plaintiff, a citizen of Virginia, instituted a suit for alimony against the defendant (plaintiff in error) October 21, 1925, on the ground of desertion. At December Rules, 1925, the defendant filed his answer in the nature of a cross-bill charging the plaintiff with continuous desertion since 1918, and praying for an absolute divorce. At January Rules, 1926, the plaintiff filed a ''special reply'', praying for dismissal of the answer of the defendant in so far as it set up new matter and asked for affirmative relief. May 8, 1926, the plaintiff filed in open court an amended pleading, praying for an absolute divorce on the grounds of adultery. A decree, on the final hearing, granting the plaintiff a divorce from bed and board and $200.00 a month temporary alimony was affirmed on a former appeal of defendant. *Hale* v. *Hale,* 104 W. Va. 254.

This suit was instituted December 28, 1927, for absolute divorce and permanent alimony, under section 13, Chapter 64, Code, providing that when a divorce from bed and board has been decreed for abandonment, or desertion or other cause, and two years shall have elapsed from the bringing of the suit wherein such decree is entered, without reconciliation (of the parties), the court may, upon the application of the injured party, and the production of satisfactory evidence, taken in support of such application, decree a divorce from the bonds of matrimony. Upon the bill, demurrer and answer thereto, and depositions of the parties, the plaintiff was decreed an absolute divorce and (subject to future order of the court) permanent alimony for life in the sum of $200.00 per month. The defendant contends (1) that this suit was prematurely instituted; (2) that the plaintiff deserted him, and is therefore not entitled to alimony; and (3) that the amount decreed is excessive.

Whether the two-year period commenced at the institution of the first suit, it unquestionably did so when the defendant filed his cross-bill converting the suit into a divorce proceeding, and it had elapsed when this suit was brought.

The second question was settled in the first suit, and is, therefore, *res judicata*.

In the first suit the value of defendant's property was fixed at approximately $106,000.00. In the present suit he testified that the value of his real estate has decreased about 50%, and that his entire income is $2400.00 a year. He contends that alimony should be paid only from income and that it is unjust to require him to devote all of his income to the support and maintenance of the plaintiff. He bases his contention on the general rule that alimony is payable out of the earnings of the husband or the income from his property, and places special reliance on point 5 of the syllabus in *Kittle* v. *Kittle*, 86 W. Va. 46, which states that the income of the husband is "the proper basis of any decree against him" for alimony. A better statement of the law is given on page 54 of the opinion of that case: "As a general rule the basis for all decrees for alimony is the income of the husband." The general rule is unquestionably as the de-

fendant contends, because an allowance from the husband's income is all that is generally necessary. 1 R. C. L., p. 926, sec. 74. But when the application of that rule will not meet the exigency of a particular case, courts will not hesitate to extend it. The law on this subject is well stated in 19 C. J., p. 254, sec. 589: "The income of the husband is a material circumstance in fixing the amount of alimony, * * * but the court is not restricted to the income of the husband, as such a principle, in many instances, would deprive the wife of alimony. * * * The fact that the husband's estate is largely land held for speculation, and no income is derived from it should not defeat the justice of the case, and the amount should be fixed as though such investments gave profits at a fair rate of interest." The equity of this statement should be so apparent as to need no elaboration.

The defendant did not qualify himself as well posted on property values, and his expressions of value are couched in uncertain terms. For which reasons it may be that the circuit court was not impressed with his estimates. Besides, the alimony herein being "the sum allowed the wife in lieu of dower and as compensation for the treatment she received * * * should be reasonably proportionate to her loss." *Sperry* v. *Sperry*, 80 W. Va. 142. As a general rule where a wife is granted a divorce *a mensa et thoro*, her inchoate right of dower and her right to participate in the distribution of her husband's personal estate remaining unimpaired, alimony, if granted, should be only for the joint lives of the parties, or until reconciliation. *Henrie* v. *Henrie*, 71 W. Va. 131. But where the divorce is to the wife *a vinculo matrimonii* and her right to participate in the estate of her husband is cut off, then it is within the power of the trial chancellor to require alimony to be paid to her through her life, that is, to be paid by the husband while living and out of his estate after his death, provided the statute of the state is sufficiently broad to cover such contingency. 19 C. J., pp. 278-9; 1 R. C. L., p. 933; Nelson on Divorce and Separation, Vol. 2, p. 880. Our statute, Code, Chapter 64, sec. 11, clothes the chancellor with wide power in making such "decree as it shall deem expedient, concerning the estate and maintenance of the

parties or either of them, and the care, custody and maintenance of the minor children.'' We think this is of sufficient breadth to warrant a requirement by the trial court that permanent alimony be paid out of a husband's estate after his death, when, in the chancellor's opinion, such course is just and right.  See generally *Hartigan* v. *Hartigan*, 65 W. Va., 471, 473; *Gum* v. *Gum*, 122 Va. 32.  But, since in many instances, there cannot be as large alimony paid by a man's estate as he was able to pay in his life time, such allowances will be subject to necessary modification as exigencies of the situation may require.  What sum is ''reasonably proportionate'' to the loss sustained by the wife is in the discretion of the trial judge, and the award will not be disturbed unless it clearly appears that there has been an abuse of such discretion.  *Reynolds* v. *Reynolds*, 72 W. Va. 349; Schouler Domestic Relations, 6th Ed., sec. 1814; 19 C. J., p. 264, sec. 612.  When we take into consideration the unsatisfactory evidence as to the decrease in value of defendant's property since the former suit, the fact that though an able-bodied man he engages in no employment of consequence, and that the plaintiff should be compensated for her loss of dower and the humiliating treatment she has received at his hands, we cannot say that the monthly allowance of $200.00 demonstrates ''a clear abuse of judgment''.  The circuit court announced that the award was subject to its future order, thereby expressly reserving to the defendant the opportunity to have it modified if changed conditions should warrant modification.  For which reasons we see no error in the decree complained of and it is affirmed.

*Affirmed.*