FIRST HUNTINGTON NATIONAL BANK *v.* WEST VIRGINIA AND OHIO LAND COMPANY *et als.*

(No. 7709)

Submitted February 6, 1934.   Decided February 13, 1934.

*G. E. Kesterson,* for appellant.
*Vinson, Thompson, Meek & Scherr,* for appellees.

WOODS, PRESIDENT:

J. E. Duncan, one of the debtor defendants in a judgment creditors' suit, prosecutes this appeal from a decree which directs sale of certain real estate owned by him individually

as well as jointly with W. E. Duncan, another debtor defendant.

Among the several tracts mentioned in the bill is a lot in the city of Logan, which was purchased by W. E. and J. E. Duncan on April 7, 1928, subject to a deed of trust given by their grantor, Duncan Brothers Plumbing & Supply Company, a corporation, to secure the Jefferson Life Insurance Company in a loan of $7,000.00, evidenced by a note. J. E. Duncan, in his answer, set up, among other things, that he and W. E. Duncan, in the capacity of partners, had been purchasing and selling real estate since 1925; that W. E. Duncan had collected rents from the lot aforesaid and had not applied the same on the debt, nor accounted in any manner for the said rents; and prayed that an accounting be had as between himself and W. E. Duncan. A demurrer by W. E. Duncan was sustained to that portion of the answer which set up right to such affirmative relief; and upon completion of the commissioner's report, J. E. Duncan filed certain exceptions, which were overruled, and an order entered confirming the commissioner's report, and directing sale.

The first ground of error goes to the chancellor's ruling on the demurrer to appellant's answer. While a defendant, under Code 1931, 56-4-58, may allege in his answer any new matter constituting a claim for affirmative relief in such suit against the plaintiff or any defendant therein, in the same manner and with like effect as if the same had been alleged in a cross-bill filed by him therein, such pleading in the answer is tested by the rules governing the sufficiency of cross-bills. *Di Bacco* v. *Benedetto,* 82 W. Va. 84, 95 S. E. 601; *Roberts* v. *Roberts,* 99 W. Va. 204, 206, 128 S. E. 144.

A cross-bill must be confined to the matter stated in the original bill or be germane thereto. *Peters* v. *Case,* 62 W. Va. 33, 57 S. E. 733, 13 L. R. A. (N. S.) 408; *Hansford* v. *Chesapeake Coal Co.,* 22 W. Va. 70; *W. Va. O. & O. L. Co.* v. *Vinal,* 14 W. Va. 637, 677. In other words, a defendant, by cross-bill, can introduce only such new facts as are necessary for the court to have before it in order to do complete justice with respect to the matters set up in the original bill. And a cross-bill, or answer, which seeks to introduce new and distinct matter that is not embraced in the original action may and should be

stricken on demurrer. *Peterson* v. *Lott*, (Ga.) 73 S. E. 15; *Johnson* v. *Stancliff*, 113 Ga. 886, 39 S. E. 296.

The real estate of both J. E. Duncan and W. E. Duncan being subject to sale, there was no necessity for first ascertaining the interest of either of the said partners before sale thereof, so far as judgment creditors were concerned. Such rights as the partners might have as between themselves must be settled by an original suit.

It appears from the final order that the chancellor refused J. E. Duncan's motion to consolidate this suit with another, wherein J. E. Duncan seeks a settlement as between himself and W. E. Duncan, partners, in order that a settlement might be had before a decree of sale is entered herein. As already indicated, J. E. Duncan has no right to delay the proceeding in the judgment creditors' suit in order to effect a settlement between himself and partner.

As to the several exceptions to the commissioner's report, we have no means of determining wherein the appellant may have been prejudiced by the court's rulings, inasmuch as appellant has seen fit by agreement of counsel to exclude the report of the commissioner in chancery from the transcript of the record supplied us.

Perceiving no error, we must affirm the decree.

*Affirmed.*