IDA E. BISHOP'S EXRS. *v.* IDA E. BISHOP'S HEIRS *et al.*

(CC 580)

Submitted October 12, 1937. Decided November 16, 1937.

*P. J. Crogan,* for plaintiffs.
*W. K. Pritt,* for defendant Anna B. McCoy.
*J. V. Gibson,* for defendant A. R. Fike.

FOX, JUDGE:

The executors of the will of Ida E. Bishop, deceased, instituted a suit in equity, in the Circuit Court of Preston County, to settle her estate, and to sell the real estate of which she died seized, to satisfy the claims of her creditors. Joined as parties defendant were the husband and heirs at law of the decedent, and certain creditors, among whom were A. R. Fike and O. W. Ringer. Anna B. McCoy, although not a creditor, was made a party defendant, and the bill contains the following allegation with respect to the three parties last above named:

> "That the defendant, O. W. Ringer, holds a note made by the defendant H. N. Fatzinger and endorsed by Ida E. Bishop, W. M. Bishop, Agnes Wotring, P. R. Wotring and Anna B. McCoy, in the sum of $1500.00; and that the defendant, A. R. Fike, holds a similar note to the last above mentioned note in the same amount and endorsed as aforesaid."

The prayer of the bill was that the cause be referred to a commissioner to settle the accounts of the executors; to report the debts of the estate with their priorities; to report the real estate of the decedent and its value; and for general relief. No relief was asked against either O. W. Ringer, A. R. Fike or Anna B. McCoy. Subsequent to the reference of the cause to a commissioner, Anna B. McCoy answered, denying liability to Fike and Ringer on account of her endorsement of the notes held by them, respectively, and asked to be dismissed from the cause. Demurrers by Ringer and Fike to this answer were over-

ruled. Anna B. McCoy later filed an amended and supplemental answer, seeking affirmative relief against Ringer and Fike, asking that she "be relieved and acquitted of any and all alleged liability for or on account of the said notes held by the said O. W. Ringer and A. R. Fike by assignment as aforesaid, and or on account of her endorsement thereof or either thereof, and that the court may make and enter a decree relieving and acquitting her of and from such alleged liability * * *." On July 31, 1936, Ringer and Fike filed their demurrers to said amended and supplemental answer. On the 5th day of February, 1937, a decree was entered upon the commissioner's report, and the debts of the decedent decreed, including the full amount of the notes held by Ringer and Fike, and provision made for the sale of her real estate by a special commissioner. This decree was silent as to Anna B. McCoy. Later, on April 7, 1937, the court overruled the demurrers of Fike and Ringer to the amended and supplemental answer of Anna B. McCoy, and, on its own motion, certified to this Court the questions raised by the said amended and supplemental answer, and the demurrers thereto.

Upon one point the court below and counsel for the parties seemed to be in agreement: that is, that the question presented, involving as it does rights of co-defendants, can properly be determined in this cause. Ordinarily, this Court would be reluctant to raise the question of jurisdiction on its own motion; but it is important that the rules of practice which govern courts of equity be maintained, especially in cases involving the settlement of estates of decedents, where the raising of questions between co-defendants, beyond those necessary to a settlement of the estate, may tend to delay such settlement, with attendant costs and prejudice to creditors and heirs. That particular situation does not arise in this case for the reason that the dispute here presented does not seem to have interferred, in any manner whatever, with the settlement of the estate of the decedent, but the practice we are asked to approve might easily have that result in other cases. We therefore feel justified in examining the record to ascertain whether or not the con-

troversy between the co-defendants as here presented is one coming within the purview of the original suit and the allegations of the bill filed therein.

The original suit is one to settle the estate of a decedent. Following the requirements of the statute, Code, 44-8-7, the known creditors were made parties. Therefore, Ringer and Fike were proper parties, as each of them held a note on which the decedent was an endorser. The rights of these defendants, as against the estate of the decedent growing out of such endorsements, was in no way dependent upon the liability or lack of liability of Anna B. McCoy therefor; and her liability, if any, was separate and distinct from the liability of the decedent. The relief prayed for in the bill was decreed without any reference whatever to Anna B. McCoy, a fact which, in itself, strongly argues that she was never a necessary or proper party to the original suit, and that when she filed her answer asking to be dismissed from the cause, her dismissal should have been granted, with proper saving of the rights of Ringer and Fike, and the executors of the Bishop estate, to pursue an independent remedy against her, should they be so advised.

The amended and supplemental answer of Anna B. McCoy, so far as it asks for affirmative relief, must be tested by the law governing the filing of a cross bill. Code, 56-4-58, merely permits a defendant in an equity suit to seek affirmative relief by an answer; prior to this statute, such relief could be obtained only by a cross bill. This statute "was not designed to change the character or enlarge the scope of a cross-bill. Its functions and availability remain as the common law." *Di Bacco* v. *Benedetto*, 82 W. Va. 84, 95 S. E. 601, 602. At common law a cross bill was treated as a matter of defense and confined to the matters in litigation in the original suit. 2 Robinson's Practice (Old Edition), 318; *West Virginia O. & O. L. Co.* v. *Vinal*, 14 W. Va. 637-677; *Hansford* v. *Chesapeake Coal Co.*, 22 W. Va. 70, 71; *Peters* v. *Case*, 62 W. Va. 33, 57 S. E. 733, 13 L. R. A. (N. S.) 408; *First Huntington National Bank* v. *West Virginia and Ohio Land Co.*, 114 W. Va. 595, 172 S. E. 892.

The question of liability of Anna B. McCoy to the defendants Ringer and Fike, respectively, growing out of her alleged endorsement of notes held by them, is one which should be determined in an independent suit between the parties, and has no proper place herein. The bill of the plaintiff did not contain allegations asserting any liability against Anna B. McCoy, or any prayer for relief against her, and she was not, therefore, called upon to do more than to appear and ask to be dismissed from the suit. She did this, and at the same time set up the reasons why she was not liable to defendants Ringer and Fike, and later she filed her amended and supplemental answer praying for affirmative relief. Her mistakes in this respect cannot be used as a basis for a new controversy between defendants, not in any way arising from the allegations of the bill or necessary to the relief sought in the original suit. An order should be entered, dismissing Anna B. McCoy from the cause, with such reservations as may be necessary to protect Ringer and Fike, as well as the executors of the Bishop estate, in their rights to pursue any proper remedy they may have to enforce their claims against Anna B. McCoy in an independent suit or action.

The ruling of the court below on the question certified is reversed and the cause remanded, with instructions to dismiss Anna B. McCoy therefrom with such reservations as will assure to the defendants Ringer and Fike, and the executors of the Bishop estate, their separate rights to hereafter assert their claims against the said Anna B. McCoy.

*Reversed; remanded.*