MARY A. WOLFORD

*v.*

RALPH V. WOLFORD

(No. 10143)

Submitted September 27, 1949. Decided November 22, 1949.

404

Lovins, Judge, not participating.

Kenna, Judge, concurring.

*H. G. Shores, Howard P. Shores,* for appellant.

*Vernon E. Rankin,* for appellee.

HAYMOND, PRESIDENT:

This is a suit for separate maintenance instituted June 1, 1946, in the Circuit Court of Mineral County by Mary A. Wolford against her husband, Ralph V. Wolford. From a decree entered November 13, 1948, which awarded the plaintiff, Mary A. Wolford, $110.00 per month for maintenance and support of the plaintiff and the infant daughter of the parties and the custody of the child, denied the plaintiff the right to possess the residence owned by the defendant, Ralph V. Wolford, and to have his furniture in it, gave exclusive possession of the residence and the furniture to the defendant, refused to grant the defendant a divorce upon his cross bill filed in the case, and dismissed the cross bill of the defendant, the plaintiff has appealed to this Court.

To make clear the issues presented for decision upon this appeal it is necessary to recite in some detail the dates on which the various pleadings were filed or tendered and on which the proceedings in this suit occurred while it was pending in the circuit court and the nature of such pleadings and proceedings.

The bill of complaint, in substance, alleged that the defendant, without cause, deserted the plaintiff in April, 1946; that the plaintiff and the defendant since that time were living apart from each other; that she was without means to support herself and their twelve year old daughter in her care; that the defendant, though financially able to do so, has failed to contribute an amount sufficient for that purpose; and that she and her daughter were occupying the residence and using the furniture in it owned by the defendant. It does not pray for a divorce. Its prayer is that the defendant be required to pay the plaintiff a reasonable sum for her maintenance pending the suit and for costs and counsel fees; that on final hearing she be decreed alimony and maintenance for herself and her infant daughter from the property and the income of the defendant, and costs and counsel fees; that she be granted the right to live in the residence of the defendant and awarded the furniture in it; that the defendant be re-

quired to pay a sufficient additional sum of money for necessary repairs to the residence of the defendant; and that the plaintiff be granted general relief.

On June 24, 1946, pursuant to written notice, the plaintiff moved the judge of the circuit court, in vacation, for alimony, suit money and counsel fees for the plaintiff, maintenance for her infant daughter, and custody and control of the child, during the pendency of the suit. At that time the defendant filed his written demurrer to the bill of complaint. The judge of the circuit court overruled the demurrer, granted the motion of the plaintiff, and by decree entered on June 24, 1946, in vacation, awarded $130.00 per month for maintenance and support of the plaintiff and her daughter, $50.00 counsel fees, $25.00 suit money, and custody and control of the child. The decree recited that the plaintiff and her daughter were occupying the residence of the defendant; that he was residing elsewhere; and that the award was based upon that status of the parties. The decree, however, contained no express provision with respect to the right of the plaintiff to continue in possession of the residence or to have or use the furniture in it.

On September 9, 1946, also in vacation, the defendant, after due notice to the plaintiff, filed his verified petition that the amount awarded for maintenance and support by the decree of June 24, 1946, be reduced. The petition set forth the financial inability of the defendant to pay the sum awarded and alleged that the plaintiff, in addition to the $130.00 per month decreed to her, was receiving rent of about $60.00 from portions of the residence of the defendant, and that the amount received by her from the award and the rent was approximately $190.00 per month, which was greatly in excess of that necessary adequately to support and maintain the plaintiff and her child. After a hearing upon the petition, the judge of the circuit court reduced the previous award from $130.00 per month to $100.00 per month for a period of five months from September 9, 1946, and awarded $110.00 per month, after the expiration of that period of time, until the further order of the court.

No further proceedings occurred in the case until December 10, 1946, at which time the defendant tendered and asked leave to file his answer to the bill of complaint. The answer denied the material allegations of the bill of complaint, charged acts of adultery engaged in by the plaintiff with two men at designated places in the years 1925, 1926 and 1927, and sought, as affirmative relief against the plaintiff, a divorce on the ground of cruel or inhuman treatment. The plaintiff resisted the motion of the defendant to file the answer for the assigned reasons that it should have been filed at July Rules, 1946, and that the defendant, not having asked or been granted any extension of the period of fifteen days from the time his demurrer to the bill of comlpaint was overruled on June 24, 1946, could not file any answer after the expiration of the fifteen day period. The court did not then pass upon the question of the right of the defendant to file his answer and, with the assent of counsel for each of the parties, continued the case.

Pending the decision of the court concerning the right of the defendant to file an answer, the defendant, on May 29, 1947, caused process, returnable to June Rules, 1947, to be issued and served upon the plaintiff to answer a cross bill of the defendant, and filed his cross bill at rules. The cross bill contained substantially the same allegations that were set forth in the answer of the defendant and prayed for a divorce on the grounds of adultery and cruel or inhuman treatment by the plaintiff. On June 2, 1947, the plaintiff notified the defendant that on June 13, 1947, in vacation, she would move the judge of the circuit court for an additional allowance of suit money and counsel fees to enable her to make defense to the answer of the defendant, but it does not appear that any action was taken in that respect on the day fixed by the notice.

On August 11, 1947, during a regular term of court, upon the bill of complaint and the answer, the case was referred to a commissioner in chancery with directions that he make and return, at the next term of court, a report concerning the property rights of the parties, their

incomes, conduct, health, habits, children, places of residence and such other pertinent matters as the commissioner should require or either party should demand. The plaintiff, on September 22, 1947, filed her demurrer and her answer to the cross bill of the defendant. The grounds assigned by the demurrer were that the allegations of the cross bill did not constitute cruel or inhuman treatment upon the part of the plaintiff, that the alleged acts of adultery, if committed by the plaintiff, had been condoned by the defendant, and that the matters set forth in the cross bill were not germane to the subject matter of the bill of complaint of the plaintiff. The answer filed by the plaintiff denied the material allegations of the cross bill and prayed that the cross bill be dismissed.

At this stage of the proceedings in the case the commissioner requested the court to direct him how to proceed with respect to the pleadings and the proof. By decree entered May 25, 1948, the answer of the defendant to the bill of complaint of the plaintiff was rejected, the contention of the plaintiff that the bill of complaint should be taken for confessed was denied, the cross bill of the defendant was permitted to be filed, the demurrer of the plaintiff to the cross bill was sustained as to the allegations of adultery and overruled as to the allegations of cruel or inhuman treatment, and the case was again referred to the commissioner for proof. In a written opinion, referred to in the decree, the court held that the case should be heard upon the issues raised by the bill of complaint of the plaintiff, the cross bill of the defendant and the answer of the plaintiff to the cross bill. Following this action of the court, the commissioner heard the testimony of the plaintiff and the defendant and the witnesses produced in behalf of each of them, concerning the matters alleged in the bill of complaint of the plaintiff, the cross bill of the defendant, and the answer of the plaintiff, and, on August 30, 1948, filed his report. The findings of the commissioner were for the plaintiff and against the defendant upon their respective pleadings and he recommended that the plaintiff be awarded maintenance and support for her-

self and her daughter and custody and control of the child and that the cross bill of the defendant be dismissed. On November 13, 1948, the court overruled the exceptions of the defendant to the report of the commissioner, confirmed the report, and entered the final decree which the plaintiff seeks to reverse on this appeal.

The substance of the numerous errors assigned by the plaintiff is that the circuit court erred: (1) in holding that the bill of complaint of the plaintiff should not be taken for confessed because of the failure of the defendant to file his answer within fifteen days after the demurrer to the bill of complaint was overruled; (2) in permitting the defendant to file a cross bill for divorce in the suit of the plaintiff for separate maintenance; (3) in referring the cause to a commissioner in chancery for hearing upon the subject matter of the bill of complaint, the cross bill and the answer of the plaintiff; and (4) in awarding the inadequate sum of $110.00 per month for maintenance and support of the plaintiff and her infant daughter and in refusing to permit the plaintiff to continue to occupy the residence of the defendant and to award her his furniture.

The defendant, in the brief filed in his behalf in this Court, complains of the action of the circuit court in dismissing his cross bill. There are, however, no cross assignments of error in the case.

It is settled law in this State that a court of equity has jurisdiction, upon the ground that there is no adequate or sufficient remedy at law, to decree maintenance and support to a wife who has been deserted by her husband, and that this jurisdiction existed prior to the enactment of the statute governing a suit by a wife for separate maintenance, Code, 1931, 48-2-29, as amended by Chapter 35, Acts of the Legislature, 1935, Regular Session, and is independent of proceedings for divorce. *Goff* v. *Goff,* 121 W. Va. 479, 5 S. E. 2d 735; *State ex rel. Travis v. Maxwell,* 89 W. Va. 31, 108 S. E. 418; *Lang* v. *Lang,* 70 W. Va. 205, 73 S. E. 716, 38 L. R. A. (N. S.) 950, Ann. Cas. 1913D, 1129. In this respect a suit of this character differs materially

from a suit for divorce as to which the jurisdiction of a court of equity is wholly conferred and expressly granted by statute and as to which, in important particulars, the procedure is regulated by express statutory provisions. Code, 1931, Chapter 48, Article 2, as amended; *Taylor* v. *Taylor,* 128 W. Va. 198, 36 S. E. 2d 601; *Nield* v. *Nield,* 126 W. Va. 430, 28 S. E. 2d 825; *Anderson v. Anderson,* 121 W. Va. 103, 1 S. E. 2d 884; *Parks* v. *Parks,* 109 W. Va. 138, 153 S. E. 242; *White* v. *White,* 106 W. Va. 569, 146 S. E. 376. There are other real and substantial differences between a suit for separate maintenance and a suit for divorce. The one may be instituted only by a wife against her husband; the other may be brought by either spouse against the other. The main purpose of a suit for separate maintenance, when no divorce is prayed for, is to require the husband to support his wife during the existence of the marriage, whereas the real object of a suit for divorce is the dissolution of the marriage contract in which the State has a direct and vital interest. Because of this interest it is within the legislative power of the State to specify and restrict the grounds upon which a divorce may be granted and to safeguard the manner in which the judiciary may dissolve the marriage contract.

Though the statute, Code, 1931, 48-2-11, states that a suit for divorce shall be instituted and conducted as other chancery suits except as provided in Article 2 of Chapter 48 of the Code, it also expressly declares that process shall not issue until the bill of complaint shall have been filed; that all pleadings shall be verified by the party in whose name they are filed; that the bill of complaint shall not be taken for confessed; that, whether or not the defendant answers, the case shall be tried and heard independently of the admissions of either party in the pleadings or otherwise; and that no decree shall be granted on the uncorroborated testimony of the parties or either of them. No conditions or limitations of the character just indicated are contained in or imposed by the statute which deals with a suit by a wife for separate maintenance, Code, 1931, 48-2-29, as amended by Chapter 35, Acts of the

Legislature, 1935, Regular Session; and it is evident that the statute just referred to, in so far as it relates to the jurisdiction of a court of equity to entertain a suit for separate maintenance, is merely declaratory of the law as announced in the decisions of this Court before its enactment. See Revisers' Note to Code, 1931, 48-2-29; *Goff* v. *Goff*, 121 W. Va. 479, 5 S. E. 2d 735; *State ex rel. Travis* v. *Maxwell*, 89 W. Va. 31, 108 S. E. 418; *Lang* v. *Lang*, 70 W. Va. 205, 73 S. E. 716, 38 L. R. A. (N. S.) 950, Ann. Cas. 1913D, 1129.

From the foregoing discussion it is obvious that a bill of complaint in a suit for seperate maintenance, when no divorce is prayed for, unlike a bill of complaint in a statutory suit for divorce, may be taken for confessed against a defendant who fails to appear, as provided generally in Code, 56-4-49, and that the failure of a defendant in such suit to file his answer to the bill of complaint within fifteen days after his demurrer has been overruled when that period of time has not been enlarged, entitles a plaintiff to a decree against him for the relief prayed for in the bill of complaint as provided in Code, 1931, 56-4-56. *Strachan* v. *Mutual Fire Insurance Company*, 130 W. Va. 692, 44 S. E. 2d 845; *Barnes* v. *Warth*, 124 W. Va. 773, 22 S. E. 2d 547; *Hughes* v. *McElwee*, 120 W. Va. 176, 197 S. E. 631; *Kinkead* v. *Securo*, 112 W. Va. 671, 166 S. E. 382. By virtue of the statute just referred to and upon the authority of the above cited cases, the answer of the defendant, which was not tendered or filed until December 10, 1946, almost six months after his demurrer to the bill of complaint had been overruled, was properly rejected. For the same reason, however, the action of the circuit court in refusing to enter a proper decree in favor of the plaintiff upon her bill of complaint was clearly erroneous.

The circuit court also erred in permitting the defendant to file his cross bill for divorce in this suit for separate maintenance and in referring the case to a commissioner in chancery for proof, in behalf of the respective parties, of the subject matter of the bill of complaint of the plaintiff, the cross bill of the defendant, and the answer of the

plaintiff to the cross bill. The circuit court should have sustained the demurrer of the plaintiff to the cross bill of the defendant which contained, in substance, the same allegations that were set forth in his answer. Permission to file a cross bill which contains substantially the same allegations as those of an answer has the effect of permission to file an answer which the statute forbids after the expiration of fifteen days from the time a demurrer to the bill. of complaint is overruled unless that period of time has been extended. If a cross bill containing the same allegations as an answer can be filed after the expiration of the time in which an answer may be filed under Code, 1931, 56-4-56, that statute is, in that manner, completely disregarded and its primary purpose is defeated. The defendant could have instituted an independent suit for divorce but he did not have the right to file a cross bill for divorce in the pending suit for separate maintenance and by that means transform that suit into a suit for divorce. A wife who is a defendant in a suit for divorce may seek, by answer or cross bill, as affirmative relief, an award for her maintenance and support. *McLaughlin v. McLaughlin,* 126 W. Va. 498, 29 S. E. 2d 1; *Huff* v. *Huff,* 73 W. Va. 330, 80 S. E. 846, 51 L. R. A. (N. S.) 282. That principle, however, does not permit a husband, by answer or cross bill seeking a divorce as affirmative relief, to convert a pending suit of his wife against him for separate maintenance into a suit for divorce. The substantial dissimilarities between a suit for separate maintenance, when no divorce is prayed for, and a suit for divorce, mentioned earlier in this opinion, forbid and prohibit that course of procedure.

A cross bill is a mere auxiliary suit, and is dependent on the original suit. It is generally considered as defensive to the bill of complaint in the original suit or as "a proceeding necessary to the determination of some matter already in litigation". *Cecil* v. *Karnes,* 61 W. Va. 543, 56 S. E. 885; *West Virginia Oil & Oil Land Company* v. *Vinal* and *Vinal* v. *West Virginia Oil & Oil Land Company,* 14 W. Va. 637. Its purpose is not the institution of an inde-

pendent suit. A cross bill is a mode of defense and it and the bill of complaint in the same suit constitute but one cause. *West Virginia Oil & Oil Land Company* v. *Vinal and Vinal* v. *West Virginia Oil & Oil Land Company,* 14 W. Va. 637. A cross bill must be confined to the subject matter of the bill of complaint. It can not introduce new and distinct matters not embraced in the bill of complaint even though they are in some manner related to its subject matter. *Callison* v. *Bright,* 85 W. Va. 700, 102 S. E. 675; *Root* v. *Close,* 83 W. Va. 600, 98 S. E. 733; *Gist* v. *The Virginian Railway Company,* 79 W. Va. 167, 90 S. E. 554; *Peters* v. *Case,* 62 W. Va. 33, 57 S. E. 733, 13 L. R. A. (N. S.) 408; *West Virginia Oil & Oil Land Company* v. *Vinal and Vinal* v. *West Virginia Oil & Oil Land Company,* 14 W. Va. 637. A cross bill which contains new and distinct matters not embraced in the bill of complaint can not form the basis of a decree in the original suit with respect to such matters. *Stifel* v. *Hannan,* 95 W. Va. 617, 123 S. E. 673; *Hansford* v. *Chesapeake Coal Company,* 22 W. Va. 70; *West Virginia Oil & Oil Land Company* v. *Vinal and Vinal* v. *West Virginia Oil and Oil Land Company,* 14 W. Va. 637. The present character and scope of a cross bill are the same as they were at common law, *Di Bacco* v. *Benedetto,* 82 W. Va. 84, 95 S. E. 601; and at common law a cross bill was considered as a means of defense and its contents were limited to the matters in litigation in the original suit. *Bishop's Executors* v. *Bishop's Heirs,* 119 W. Va. 415, 193 S. E. 910. "A cross-bill must be confined to the matter stated in the original bill or be germane thereto." *First Huntington National Bank* v. *West Virginia and Ohio Land Company,* 114 W. Va. 595, 172 S. E. 892.

Application of the foregoing principles to the questions raised by the cross bill of the defendant and the demurrer of the plaintiff leads to the conclusion that the procedure followed and the proceedings had in the circuit court with respect to the cross bill were irregular and erroneous. The subject matter of the cross bill is not germane to the subject matter of the bill of complaint and, in conse-

quence, it can not properly be brought into this suit. As the cross bill was demurrable and should have been dismissed upon demurrer, there was no sufficient pleading in the case upon which to take proof or to base a decree with respect to the claim of the defendant to a divorce from the plaintiff. The cross bill being defective, all subsequent pleadings based upon it are likewise defective and fail with it. It is axiomatic that there can be no decree without proper pleadings to support it. *Cecil* v. *Karnes,* 61 W. Va. 543, 56 S. E. 885.

As the circuit court should have entered a decree upon the bill of complaint awarding the plaintiff maintenance and support for herself and the infant daughter of the parties in her care and keeping, it is necessary to consider whether the decree rendered by the circuit court, from which she alone has appealed, grants her the relief to which she is entitled.

As already indicated, the final decree of November 13, 1948, awarded the plaintiff $110.00 per month but denied her claim to use and possess the residence and to have the furniture of the defendant. The statute governing a suit for separate maintenance, Code, 1931, 48-2-29, as amended by Chapter 35, Acts of the Legislature, 1935, Regular Session, in part provides that the circuit court "shall, at the suit of the wife, in chancery, whether or not a divorce be prayed for, decree to the wife as alimony and separate maintenance such sum out of the husband's earnings and income as the court may determine, considering the circumstances of the parties and their stations in life, and may prohibit the husband from imposing any restraint on her personal liberty, and may free her real and personal property from possession, control or any interest of the husband;".

It is the contention of the plaintiff that the amount of the award is inadequate and that she is entitled to possession and use of the residence of the defendant and to have the furniture in it, both of which are owned by him. The quoted provisions of the statute show her contention to be entirely devoid of merit.

The statute requires the circuit court to decree alimony and maintenance out of the earnings and the income of the husband. It does not authorize the court to take or transfer by its decree any of his other property. It does not mention any property owned by him other than earnings and income. The reference to "property" means the property of the wife, not the property of the husband, and the statute affords protection to the wife against his possession or control of, or any interest by him in, property owned by her. It is obvious that the Legislature, in enacting the statute, did not intend to empower or permit the court, at the suit of the wife, to transfer or take the property of the husband, other than his earnings and income, in decreeing alimony and maintenance to the wife. Though the plaintiff, in her bill of complaint, upon which she should have been granted proper relief by a default decree, claimed and prayed for possession of the residence of the defendant and sought to obtain his furniture in it, she was not, for that reason, entitled to a decree by default for anything in excess of that which the statute permits her to have.

The statute provides that the circuit court shall decree such sum "as the court may determine, considering the circumstances of the parties and their stations in life." By this language the court is vested with sound judicial discretion in fixing the amount to be decreed. This discretion is subject to appellate review, but the amount of the award will not be disturbed on appeal unless it clearly appears that the court in fixing it has grossly abused its discretion. See *White* v. *White,* 106 W. Va. 680, 146 S. E. 720; *Hale* v. *Hale,* 108 W. Va. 337, 150 S. E. 748; *Burdette* v. *Burdette,* 109 W. Va. 95, 153 S. E. 150. There is nothing to indicate that the circuit court abused its discretion in fixing the amount awarded in this case, which appears to be slightly in excess of one third of the net income of the defendant. In the absence of any showing to the contrary, it will be presumed that the circuit court, in determining the amount decreed to the plaintiff, considered the circumstances of the parties and their stations in life as re-

quired by the statute. In consequence, the amount awarded will not be disturbed upon this appeal.

As previously pointed out, the proceedings in the circuit court upon the cross bill of the defendant were irregular and erroneous. For that reason there is no occasion to discuss the substance or the character of the evidence introduced before the commissioner under the second decree of reference. It is pertinent to observe, however, that no evidence was necessary to entitle the plaintiff to a proper decree upon her bill of complaint, and that the evidence introduced in behalf of the defendant, even if the cross bill could have been filed or could be treated as an original bill in a separate suit, was wholly insufficient to entitle him to a decree of divorce.

Notwithstanding the erroneous rulings of the circuit court, heretofore mentioned and discussed, it can not be said that any of them is prejudicial to any right of the plaintiff, who alone has appealed, or that there is any error in the final decree which would justify its reversal by this Court. It grants the plaintiff all the relief to which she is entitled. By belatedly dismissing the cross bill of the defendant, it cures the prior erroneous action of the court, induced by the defendant, in refusing to dismiss the cross bill upon the demurrer of the plaintiff. For these reasons, despite the errors committed before its entry, the decree of November 13, 1948, should be, and it is, affirmed.

*Affirmed.*

KENNA, JUDGE, concurring:

I agree with the conclusion reached by the majority in deciding this case. However, I fear that if the language of the opinion is logically applied it will be thought to hold that a suit for separate maintenance *and divorce* may be brought by the wife under Code, 48-2-29. The opinion certainly does not disapprove that practice nor overrule at least two West Virginia cases which uphold it. *Infra.* The fourth syllabus states that a cross bill in which

the principal relief prayed is divorce from the plaintiff may not be entertained in a suit for separate maintenance in which the bill of complaint contains no prayer for divorce. The clear inference that follows is that if the bill of complaint *does* contain a prayer for divorce, the cross bill praying for divorce may be entertained. The opinion also states that a suit for separate maintenance is an ordinary chancery cause and clearly distinguishes it from a divorce proceeding, to which our statutes attach far greater solemnity.

To my mind the principal difficulty in this case is that Code, 48-2-29, in authorizing a separate suit by the wife for maintenance, uses in part the following language:

"* * * shall, at the suit of the wife, in chancery, *whether or not a divorce be prayed for,* decree to the wife as alimony and separate maintenance * * *". (Italics mine.)

By expressly providing that the relief shall be granted "whether or not a divorce be prayed for" the clear implication is that a divorce may be sought in a suit the primary purpose of which is the procurement of an award for separate maintenance.

The fact that the majority opinion does not recognize the seriousness of the difficulty involved I think is demonstrated by two quotations therefrom, first:

"The defendant could have instituted an independent suit for divorce but he did not have the right to file a cross bill for divorce in the pending suit for separate maintenance and by that means transform that suit into a suit for divorce."

and

"The subject matter of the cross bill is not germane to the subject matter of the bill of complaint and, in consequence, it can not properly be brought into this suit."

The two quoted statements, to my mind, clearly conflict with this Court's position in the case of *Hale* v. *Hale,* 104 W. Va. 254, 139 S. E. 754. That case was a chancery

cause for support and maintenance brought by the wife in the Circuit Court of Mercer County. It was not instituted as a divorce proceeding nor did the bill of complaint pray for divorce. The husband filed at rules his answer in the nature of a cross bill alleging seven years desertion and praying for an absolute divorce. At the following rules the plaintiff filed a paper called "special reply" praying that the defendant's cross bill be dismissed because it injected new matter and prayed for affirmative relief. This plea was later abandoned and the plaintiff filed in open court a so-called "amended special replication" alleging adultery on the part of the defendant and praying that the plaintiff-wife be awarded an absolute divorce. The final decree granted her an absolute divorce. The first syllabus of the opinion reads as follows:

> "A non-resident wife whose husband is a citizen of this State sues him here for maintenance. He files an answer in nature of a cross-bill praying for a divorce. She may then file an amended pleading in the suit asking for similar relief; filing of the cross-bill by the defendant confers jurisdiction for that purpose."

True, in the body of the opinion the statement is made that jurisdiction of the defendant's cross bill is not questioned. Nevertheless the case definitely holds that in a chancery cause brought by the wife for the purpose of recovering only maintenance and support, the question of divorce can be introduced by the filing of a cross bill and thereafter adjudicated. We are now holding in this case the exact opposite because we consider that it was the purpose of the Legislature not to discriminate as between husband and wife in divorce matters and to attach more formality and solemnity to divorce proceedings than to proceedings brought for the purpose of monetary recovery. I think therefore that this Court's declaration in the *Hale* case should have been discussed and that the statement should also have been clearly made that this Court does not consider that the mere wording "whether or not a divorce be prayed for" impliedly confers jurisdiction

to consider and adjudicate divorce questions in a maintenance proceeding. The *Hale* case is followed and cited with approval in *Gain* v. *Gerling,* 109 W. Va. 241, 244, 153 S. E. 504, and the rule established therein is applied in *Hewitt* v. *Hewitt,* 120 W. Va. 151, 197 S. E. 297, and in *Vickers* v. *Vickers,* 95 W. Va. 323, 122 S. E. 279.

The Court should now, I believe, simply read out of the section in question the qualifying phrase "whether or not a divorce be prayed for." It can have no effect except to impliedly confer jurisdiction for divorce at the suit of the wife only, ignoring the husband and casting upon him alone the formalities required in a statutory divorce proceeding. Among the statutory exactions attaching to a divorce proceeding and not to a suit for maintenance are that process shall not issue until after the bill of complaint is filed, that the matter shall be heard independently of the admissions of the parties in their pleadings or otherwise, and that no decree be granted upon the uncorroborated testimony of either party. Since it is made plain by the Revisers' note that in suggesting Code, 48-2-29, it was intended merely to have the Legislature approve an existing practice and since that practice in a proceeding for support and maintenance would not require the exacting formality of a divorce proceeding, it would seem plain that the Legislature intended only to confirm, simplifying for the wife the enforcement of a right belonging to her only: support and maintenance. Certainly the Legislature did not intend to permit the wife to obtain a divorce in an ordinary chancery proceeding and at the same time to continue requiring the husband in the event he sued to fully comply with the statutory formalities attached to a proceeding for divorce. As stated, I believe that the difficulty which led to the intermingling of a proceeding under Code, 48-2-29, and a divorce proceeding, arose from the fact that the language "whether or not a divorce be prayed for" is found in the statute under consideration, wherein it has no place.

I believe that in a general discussion of a cross bill, its purpose and effect, as contained in the opinion, a factor

that should be mentioned is that while upon the incoming of a cross bill the proceeding continues as one suit, still upon the dismissal of the bill of complaint the cause may be kept in court on the cross bill alone. *Di Bacco, et al.* v. *Benedetto, et al.,* 82 W. Va. 84, 89, 95 S. E. 601; *Taylor* v. *Taylor,* 128 W. Va. 198, 36 S. E. 2d 601. The principal effect of a cross bill seems to be to divide the control of the cause as between the complainant and the defendant and not leave it with the complainant alone.

Another matter that I believe the general discussion of a cross bill should include in this jurisdiction is the fact that Code, 56-4-59, in providing that an answer alleging new matter which constitutes a claim for affirmative relief will be considered on the basis of a cross bill and decrees entered accordingly, has well nigh done away with the necessity of cross bills.