[No. 4474.]

## CUPPLES v. CUPPLES.

1. **Divorce and Alimony—Discretion of Court—Appellate Practice.**

The appellate court will not interfere with an order allowing temporary alimony unless it appears that there has been a clear abuse of discretion or violation of the law by the lower court in the order made.

2. **Same.**

The appellate court will not hold an order allowing a wife $125 counsel fees, and $25 per month temporary alimony, as unjust and an abuse of discretion by the lower court where the husband has $3,000 worth of property and is earning $90 per month.

3. **Same.**

In an action by a wife for separate maintenance, the fact that the husband sets forth facts in a cross complaint which if true will entitle him to a divorce is not a reason for disallowance of temporary alimony.

*Appeal from the District Court of Rio Grande County.*

Mr. JAMES P. VEERKAMP, for appeallant.

Mr. JESSE STEPHENSON, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

The plaintiff brought suit against her husband for separate maintenance. In his answer and cross-complaint he denied the allegations of the complaint, set up new matter, and prayed for a divorce. After the filing of the answer and cross-complaint the plaintiff was awarded counsel fees in the sum of $125.00 and temporary alimony in the sum of $25.00 a month. From the order allowing alimony the defendant has appealed to this court. The assignments of error are that the award of alimony is unjust because it appeared from the testimony that the plaintiff had property which she had obtained from defendant in an

amount sufficient to support her, and because from the defendant's cross-complaint it appeared that the defendant was entitled to a divorce and the plaintiff was therefore not entitled to alimony.

From the defendant's own statement it appears that he was earning the sum of about ninety dollars each month and had property worth about three thousand dollars. There was testimony upon which the court could have based a finding that the value of the defendant's property was greater than the amount at which he fixed its value. We cannot say, therefore, that the court abused his discretion in awarding temporary alimony; and this court will not interfere with an order allowing temporary alimony unless it shall appear that there has been a clear abuse of discretion or violation of the law by a lower court in the order made.—*Cowan v. Cowan,* 10 Colo. 540.

The fact that the defendant has set forth facts which, if established, entitle him to a divorce is not a reason for the disallowance of alimony. It has been repeatedly held by this court that the merits of the controversy between husband and wife cannot be inquired into upon an application for temporary alimony, and the court before whom the suit is pending has authority to make such order concerning temporary alimony as may be reasonable and just.

The judgment is affirmed.    *Affirmed.*