## CHARLESTON.

STATE *ex rel.* LAVINIA T. TRAVIS *v.* HAYMOND MAXWELL, JUDGE.

Submitted September 7, 1921.   Decided September 13, 1921.

HUSBAND AND WIFE—MANDAMUS—*Wife Suing for Separate Maintenance and Support, Entitled to Allowance for Suit Money, and on Refusal Mandamus to Compel Allowance will lie.*

In a suit by the wife against her husband for separate maintenance and support, not involving divorce, she is entitled to reasonable allowances for suit money and for her support

*pendente lite,* and upon the refusal of the trial court to make such allowances against the defendant, she may have a writ of mandamus to compel such allowances as are reasonable and proper in the case.

Original application by the State, on the relation of Lavinia T. Travis, for a writ of mandamus against Haymond Maxwell, Judge, and others, to require the court to make a reasonable allowance for expenses while prosecuting a suit against petitioner's husband, R. A. Travis, for separate support and maintenance.

*Writer awarded*

*McCamic & Clarke* and *Albert L. Lohm,* for relator.
*Hoffheimer & Templeman,* for respondent.

MILLER, JUDGE:

The petitioner seeks by original process of mandamus from this court to require the respondent to make her a reasonable allowance for expenses and for her support while prosecuting her suit in his court against Robert A. Travis for separate support and maintenance, on the ground of his desertion of her without cause.

According to the return of respondent he was constrained to deny the petitioner suit money and money for her separate maintenance *pendente lite* on the ground that she had no suit pending for divorce, and that he felt bound by the ruling of this court in *Chapman* v. *Parsons,* 66 W. Va. 307, in which it was said, point one of the syllabus, that "in no suit but one seeking a divorce of some character is there jurisdiction to award alimony *pendente lite.*" That was not a suit for divorce, but an original suit to set aside a decree of divorce previously obtained by the husband against his wife. The marital relation between them had by that decree been dissolved and the relationship destroyed thereby, and the real question there involved was whether the plaintiff in that kind of a suit was entitled to suit money and maintenance pending the suit. The point may have been too broadly stated, therefore, and must be interpreted as applicable only to like cases. Strictly speaking, alimony, temporary or permanent, is an incident to a suit for divorce.

In the later case of *Lang* v. *Lang*, 70 W. Va. 205, however, we decided that courts of equity have jurisdiction, upon the ground of inadequate remedy at law, independently of any proceedings for divorce, to decree maintenance to a wife who has been deserted by her husband. So the question presented here is whether, pending a suit of the latter character, in no way involving divorce, and when the marital relation still exists, the wife, as incident thereto, is entitled to reasonable allowance for separate maintenance and to carry on her suit. Clearly, she is entitled to be supported by her husband while the marital relation exists, and to enforce her rights by suit, no other remedy being provided. The exact point now presented has, we believe, never been decided here; but we find numerous decisions in other states holding that a court may in an action for separate maintenance require the defendant to provide counsel fees and temporary support for plaintiff, though provision is made therefor by statute only in case absolute divorce is sought. It was so held in *Milliron* v. *Milliron*, 9 S. D. 181; *Dye* v. *Dye*, 9 Colo. App. 320; *Harding* v. *Harding*, 144 Ill. 588; *McFarland* v. *McFarland*, 64 Miss. 449; *Finn* v. *Finn*, 62 Iowa 482; *Glover* v. *Glover*, 16 Ala. 440; *Purcell* v. *Purcell*, 4 H. & M. 507. In *Cupples* v. *Cupples*, 31 Colo. 443, it was held in an action by the wife for separate maintenance, that "the fact that the husband sets forth facts in a cross complaint which if true would entitle him to a divorce is not a reason for disallowance of temporary alimony." In *Finn* v. *Finn, supra,* the Iowa court says that the right of the wife to suit money and maintenance seems to be a mere corollary of her right to maintenance in a suit for separate maintenance, "for it would be but mockery to allow the wife the right to maintain an action for separate maintenance, and, at the same time, deny her the means of prosecuting it." In England a different rule prevailed. There the remedy was to permit any person supplying the wife to sue the husband for maintenance furnished. Mr. Story, 3 Equity Jurisprudence, §1858, (14th ed.), commenting on the question says: "In America a broader jurisdiction in cases of alimony has been asserted in some of our Courts of Equity; and it has been held that if a husband

abandons his wife and separates himself from her without any reasonable support, a Court of Equity in all cases may decree her a suitable maintenance and support out of his estate, upon the very ground that there is no adequate or sufficient remedy at law in such a case. And there is so much good sense and reason in this doctrine, that it might be wished it were generally adopted.'' From these authorities the plaintiff's right to such reasonable allowance seems clear.

The only remaining question is whether mandamus is available to compel the trial court to make the allownces. The refusal of the right would of course become cognizable by appeal; but as we said in *Peoples Bank* v. *Burdett, Judge,* 69 W. Va. 369, 372, ''we do not deny an extraordinary remedy in a proper case, merely because the party may avail himself of another remedy. * * * The slow process of appellate review is not adequate to the vindication or enforcement of absolute rights such as the one involved here.'' In Alabama the exact point was decided in favor of plaintiff's right to mandamus in such cases as this. *Ex parte King,* 27 Ala. 387. The doctrine of this and other Alabama cases has been questioned by Mr. High, Extraordinary Legal Remedies, (3rd ed.), §186. But we put our decision in this case on the broad ground of want of adequate remedy by any other process, appellate or otherwise. How could a married woman so circumstanced carry on her suit in the lower court or appellate court without money? To deny her allowance of suit money and money for support pending suit would be in most cases to deny her the relief to which she is entitled. As in suits for divorce, the merits of the case have nothing to do with her right to money to maintain her suit and for support pending the suit.

We are of opinion to award the writ.

*Writ awarded.*