# CHARLESTON.

State *ex rel.* Ada Belle Davis *v.* L. D. Isbell, *Judge, etc.*

(No. 6648)

Submitted October 22, 1929. Decided October 29, 1929.

*Thomas West,* for relator.
*J. H. Strickling,* for respondent.

WOODS, PRESIDENT:

This is a proceeding by mandamus to compel the judge of the domestic relations court of Cabell county to reconsider relator's motion for money with which to prosecute her suit for an absolute divorce, and to determine on the amount to which she is entitled.

In August, 1929, relator filed her bill in the domestic relations court of Cabell county seeking a divorce from the bonds of matrimony. The bill, which is based on section 13, Chapter 64, Code, sets up the fact that the relator had previously been awarded a divorce from bed and board, to-wit, in 1926; that no reconciliation had been affected since the granting of said divorce, and that a reconciliation is impossible; that she is now, and has been for a long time, wholly unable to work and is dependent upon her father and brother; that her husband is an able-bodied man and is making a good salary, and concludes with a prayer for an absolute divorce and for suit money. This course is enjoined upon her under our practice to secure an absolute divorce. *Dixon* v. *Dixon*, 73 W. Va. 7. Pursuant to notice to defendant, the relator moved the court for suit money, and filed in support thereof said bill of complaint. The court entered an order overruling and dismissing said motion on the sole ground that it appeared ''that said decree (1926) made no provisions for alimony.'' From the return filed by the respondent in the present mandamus proceeding, it appears that the court's ruling was made on the assumption that the order of 1926 was conclusive as to temporary alimony (citing *Cariens* v. *Cariens*, 50 W. Va. 113, and *Chapman* v. *Parsons*, 66 W. Va. 307), and therefore conclusive on suit money, since the power of the court to grant temporary alimony and suit money is derived solely from section 9, Chapter 64, Code.

As we see it, the question of whether or not the wife is entitled to temporary alimony in the suit now before the domestic relations court is not decisive of her right to a reasonable allowance for suit money. The two items are distinct, the latter being provided so that the wife may not be hampered by financial difficulties in properly prosecuting or

defending her suit. Our statute in granting separation from bed and board seeks not to effect a permanent separation, but rather a reconciliation. A cooling period of two years is allowed, wherein the parties may amicably settle their differences. However, in event such reconciliation proves impossible, the injured party is permitted to prosecute the matter further to the end that the separation may be made absolute. In other words, the proceeding under section 13, Chapter 64, Code, is merely a continuation of the original scheme—a delay before a final dissolution of the marital relations is declared, that the best interests of society might be preserved. And the statute providing for suit money not only had in mind proceedings under the section for divorce from bed and board, but that the same might continue through to final separation, if the parties were not reconciled.

It is the undoubted practice in this state to regard the wife as the privileged suitor in divorce causes and for the court, without inquiring into the merits, to allow her a sum sufficient for prosecuting or defending the suit. Such an award, under our practice, is an interlocutory matter and not usually dealt with in the final decree. Additional sums may be awarded from time to time as the exigencies of each case may require. 2 Schouler Dom. Rel. (6th Ed.), sec. 1783; *Wass* v. *Wass*, 42 W. Va. 460; *Maxwell* v. *Maxwell*, 67 W. Va. 119. While the amount to be allowed is regulated by the circumstances of each particular case and is usually said to rest in the chancellor's sound discretion, yet under the holding in *State ex rel. Travis* v. *Maxwell, Judge*, 89 W. Va. 31, we are of opinion that mandamus will lie to compel the chancellor to reconsider the motion for the purpose of determining what suit money the relator is entitled to. As so defined, the writ will issue.

*Writ awarded.*