JAMES DAILEY *v.* J. H. BRENNAN, *Judge, etc., et al.*

(No. 9199)

Submitted April 8, 1941. Decided April 29, 1941.

*Pinsky & Mahan,* for petitioner.
*W. W. Ingram,* for respondent.

FOX, JUDGE:

James Dailey and his wife, Irene Virginia Dailey, for some time prior to the 24th day of December, 1940, lived together as husband and wife in Pittsburgh, Pennsylvania, on which date the wife, with her two children, moved to the home of her parents in New Cumberland, Hancock County, West Virginia, where she has continued to reside. On February 8, 1941, she instituted, in the Circuit Court of Hancock County, her suit against her husband, seeking separate maintenance, alimony, the care and custody of her children, their maintenance, suit money and attorney's fees to enable her to prosecute her suit. Process in the suit was served on the defendant in Hancock County.

The suit was instituted under the provisions of Code, 48-2-29, as amended by Chapter 35, Acts of the Legislature, Regular Session, 1935. The section first appeared in the Code of 1931, and was obviously intended to provide a statutory remedy for a wife in matters relating to her support, without a suit for divorce. She had such remedy at common law. *Lang* v. *Lang,* 70 W. Va. 205, 73 S. E. 716, 38 L. R. A. (N. S.) 950, Ann. Cas. 1913 D, 1129; *Huff* v. *Huff,* 73 W. Va. 330, 80 S. E. 846, 51 L. R. A. (N. S.) 282. The statutory provision was treated by the codifiers as merely declaratory of the law as announced in the decisions cited. In *State* v. *Maxwell,* 89 W. Va. 31, 108 S. E. 418, it was held that in a suit for separate maintenance suit money *pendente lite* should, in a proper case, be decreed to the wife, and the language of the opinion indicates that "suit money" covers fees of counsel.

The petitioner here seeks to prohibit the prosecution of the suit against him on the ground that the Circuit Court of Hancock County has no jurisdiction thereof. He contends the provision of Code, 48-2-29, that "the circuit court of any county that would have jurisdiction of a suit for divorce between the parties" limits the jurisdiction of the Circuit Court to cases where a suit for divorce might presently be maintained. As we understand his position, he would place such a construction on the word "jurisdiction" as to make it mean not only the right to hear a divorce suit between the parties by reason of *bona fide* residence in the county of one of them, but also that all the prerequisites to such a suit such as residence for the period required by statute, or, for example, the required period of desertion, had been fully met. In other words, before the wife in this case can maintain a suit for separate maintenance a situation must exist where the only barrier to a divorce would be the failure to establish grounds therefor.

We think this places too narrow an interpretation on the statute. Certainly such was not the rule before the statute was enacted. In *Lang* v. *Lang, supra,* it was expressly held that "a court of equity, independently of proceedings for divorce, on the grounds of inadequate remedy

at law, may decree maintenance to a wife who has been deserted by her husband"; and "the venue of a suit for maintenance without divorce is not governed by the divorce statutes, but by the laws relating to place of suit for the vindication of ordinary legal or equitable rights." Inasmuch as the clear intent of the legislature was to give statutory force to an established right then vested in a wife who had been deserted, and that independent of a suit for divorce, we hesitate to hold that there was an intent on the part of the legislature to limit such existing right. A deserted wife is entitled to support for herself and children without regard to the time the desertion continues, yet to entitle her to a divorce therefor it must be continued for two years, during which time, according to the contention of the petitioner, she could not, in our courts, maintain a suit for separate maintenance. We cannot think the legislature intended such a limitation on the rights of a married woman as they existed when the statute in question was enacted, the effect of which would be to leave her helpless in some cases for a long period. True, she might proceed under criminal statutes, but such relief, if any, would be inadequate. Again, under Code, 48-2-8, the wife having resided in Pennsylvania before removing to this state must, unless the grounds of divorce be adultery, reside in this state for one year, and in some cases two years, before she can sue for a divorce, thus setting up another barrier to securing the support to which she is entitled under the general principles of law which require a husband to support his wife. The right of support thus assured to a wife should not be deferred or restricted beyond what is clearly intended in any legislation on the subject. Furthermore, the statute does not refer to present jurisdiction to take cognizance of a suit for divorce, but merely venue; the expression "would have jurisdiction" does not compel its application to the present, but permits it to be extended to future developments such as required residence, period of desertion, and otherwise.

In *Lang* v. *Lang, supra,* it was held that in a suit for separate maintenance the rule relating to venue in di-

vorce suits did not apply. By Code, 48-2-29, such a suit for maintenance can, in our opinion, be instituted where a suit for divorce would lie on the part of the plaintiff in the maintenance suit, did the necessary grounds therefor exist. Under Code, 48-2-9, the only court which, as matters now stand, has jurisdiction of a suit for divorce on the part of Irene Virginia Dailey is that of Hancock County where she now resides. If she should hereafter remove from that county, its courts would lose jurisdiction and if the removal was to another county of this state, jurisdiction would be transferred to that county. Jurisdiction of causes does not always mean that all preliminaries necessary to the maintenance of a suit or action have been met, but that a court has the power to take cognizance of, and to hear and determine, certain classes of cases when interested parties have placed themselves in a position where the court may properly act. For example, a person who in good faith becomes a resident of this state has a right to invoke the jurisdiction of the circuit court of the county in which he or she resides in vindication of any right, including, under our statute, the right to sue for a divorce. The fact that such suit must be postponed for a certain period does not, in our opinion, affect the proposition that jurisdiction to hear that particular class of cases exists. Frequently, by contract provisions, a suit or action cannot be maintained until the passing of a stipulated time, but such a situation cannot be said to affect the jurisdiction of the court to take cognizance of the litigation. If it were sought to defeat the suit or action, it would be on the ground that the same had been prematurely instituted, and not on lack of jurisdiction. In this sense we think the Circuit Court of Hancock County, at the time the suit sought to be prohibited was instituted, can be said to have had jurisdiction to hear a suit for divorce between the parties to said suit, and thus come within the venue provisions of Code, 48-2-29. It follows that the writ of prohibition prayed for will be denied.

*Writ denied.*