VILAS THACKER *v.* C. W. FERGUSON, *Judge*

(No. 9654)

Submitted October 3, 1944.   Decided November 14, 1944.

*J. M. Jordan,* for petitioner.
*F. F. Scaggs,* for respondent.

Fox, Judge:

Proceeding under Section 29, Chapter 35, Acts of the Legislature, 1935, (Michie's 1943 Code, 48-2-29), Jean Vinson Thacker instituted her suit in equity for separate maintenance against her husband, Vilas Thacker, in the Circuit Court of Wayne County. A hearing of the case was had, evidence taken, and the cause prosecuted to a final decree, entered on July 27, 1943, by which the plaintiff therein was denied relief and her suit dismissed. In the decree of dismissal, provision was made for the costs of prosecuting the case, and for the payment of attorney's fees to counsel for services in the Circuit Court. The plaintiff in said cause undertook to apply for an appeal from the decree against her, but encountered difficulties in securing a transcript of the testimony taken on the hearing, occasioned by the death of the court reporter who took the stenographic notes of the testimony. Finally these difficulties were overcome, and the plaintiff filed her petition for appeal in this Court on March 27, 1944, and, therefore, her petition was filed within the time prescribed by statute. Said petition was refused by this Court on April 17, 1944.

In this situation, Jean Vinson Thacker applied to the Circuit Court of Wayne County for an allowance for costs and attorney's fees to enable her to prosecute her appeal to this Court. This she did on March 27, 1944, the same day her petition for an appeal was filed here. The decision of the Circuit Court on the application for an allowance was on March 27, 1944, but may not have been entered on the records until a later date. This order clearly states the action taken on the matter before the court, and we quote therefrom: "On this March 27, 1944, this cause again came before the Court, and thereupon, the plaintiff, by F. F. Scaggs, her Attorney, in the presence of Counsel for defendant, moved the Court for an allowance of Attorney fees and Court costs to enable her to prosecute her application for an appeal and supersedeas in the Supreme Court of this State to a judgment of this Court rendered in said cause on July 27, 1943, which motion the Court

sustained and fixed counsel fees in the sum of $75.00."
Then followed an itemized statement of costs, amounting
to $38.44, incurred by the plaintiff in and about such at-
tempted appeal, and the court then continued: "It is,
therefore, considered by the Court that the Defendant,
Vilas Thacker, pay unto F. F. Scaggs, Attorney for plain-
tiff, the above attorney fees and costs aggregating $113.44,
and which payment shall be made by the said defendant
within ten days from the entry of this order."

Vilas Thacker, the defendant in that suit, and the re-
lator here, sought to have the order of March 27, 1944, set
aside. Through his counsel, he notified counsel for Jean
Vinson Thacker that he would, on April 21, 1944, move
the Circuit Court of Wayne County to set aside said order,
and there was an appearance to and a hearing on this mo-
tion.. On July 24, 1944, the Circuit Court overruled the
motion, and reaffirmed its order of March 27, 1944, and
in that order took occasion to state facts and reasons for
its action, which will be hereinafter discussed. On Sep-
tember 6, 1944, the relator filed in this Court his petition
for a writ of prohibition, seeking to prohibit the Judge
of the Circuit Court of Wayne County, and Jean Vinson
Thacker, from proceeding to enforcement payment of the
allowance made by the order aforesaid, and on September
11, 1944, we awarded a rule requiring the respondent to
show cause why the writ prayed for should not be
awarded.

The position of the relator, as set up in his petition, is,
first, that the final decree in the original suit of Jean Vin-
son Thacker against Vilas Thacker having been entered
on July 27, 1943, and no appeal having been granted there-
from, no suit was pending on March 27, 1944, when the
application aforesaid for costs and attorney's fees was
filed, and therefore, the Circuit Court was without juris-
diction to enter any order in said cause; and, second, that,
in any event, only by service of the notice required by
Code, 48-2-13, had the said Circuit Court the right and
jurisdiction to make the allowance applied for and that
the required notice was not given. The facts on which

these legal positions are taken are not disputed, and a clear question of law is presented.

The only appearance in the case is in the name of the Judge of the Circuit Court of Wayne County, and he files a demurrer and answer to relator's petition. In the demurrer it is contended, in general, that the petition does not state a case warranting the writ; that it is deceptive and does not reflect the facts; and, specifically, that petitioner's remedy, if any, was by appeal. His position, as set up in his answer, is, briefly, this: First, a suit was pending on March 27, 1944, when the application for costs and attorney's fees was made; second, that counsel for Vilas Thacker, the relator herein, was present in court at the time the motion for costs and attorney's fees was made, and that his presence amounted to notice to the relator; and, third, that subsequent to the entry of the order complained of, the relator, by his counsel, gave notice of his intention to move the Circuit Court to set aside said order, and actually made such motion on April 21, 1944.

The Circuit Court of Wayne County had jurisdiction of the subject matter and the parties in the separate maintenance suit, and we do not think it had lost that jurisdiction on March 27, 1944, when the application for an allowance for costs and attorney's fees was made. The final decree in that suit was entered on July 27, 1943, and an application for an appeal could be made on March 27, 1944, and was made on that day. Code, 2-2-3, provides that "The time within which an act is to be done shall be computed by excluding the first day and including the last; or if the last be Sunday, it shall also be excluded; but this provision shall not be deemed to change any rule of law applicable to bills of exchange, or negotiable notes." Therefore, the 27th of July, 1943, was excluded, which would permit including March 27, 1944, and it cannot be said that, at the time when the motion for costs and attorney's fees was made, there was a final decree which had passed beyond the stage where an appeal could be awarded therefrom, and, in that sense, there was a pend-

ing suit. Therefore, we think that, had proper notice been given, as required by statute, the Circuit Court would have had jurisdiction to enter the order complained of.

Many decisions of this Court vest in a trial court the right and power, upon notice to the man, to make an allowance for suit money and attorney's fees at any time after the institution of a suit for a divorce by a wife. *Coger* v. *Coger,* 48 W. Va. 135, 35 S. E. 823; *Kittle* v. *Kittle,* 86 W. Va. 46, 102 S. E. 799; *Gatrell* v. *Morris,* 98 W. Va. 34, 126 S. E. 343. And the power to do so is expressly conferred by Code, 48-2-13. This power may be exercised by a circuit court after a cause has been appealed to this court. *Maxwell* v. *Maxwell,* 67 W. Va. 119, 67 S. E. 379; *State* v. *Isbell,* 108 W. Va. 104, 150 S. E. 377. We think that, in principle, these holdings should be applied to suits for separate maintenance, provided for by the subsequent enactment of Section 29, Chapter 35, Acts of the Legislature of 1935, because that section expressly refers to Code, 48-2-13, as governing the procedure in respect to the allowance of maintenance and costs, and attorney's fees. We hold, therefore, that on March 27, 1944, the Circuit Court of Wayne County had jurisdiction to entertain a motion, in the cause then pending, in respect to an allowance for costs and attorney's fees necessary to prosecute an appeal from the decree theretofore entered in the cause.

But this is not decisive of the case at bar. Code, 53-1-1, provides: "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." A court having jurisdiction of the subject matter of the controversy may not exceed its legitimate powers in relation thereto. *Powhatan Coal and Coke Co.* v. *Ritz, Judge,* 60 W. Va. 395, 56 S. E. 257. Under Code, 48-2-13, a court is given power to make an allowance for the maintenance of the woman and to enable her to carry on or defend the suit in the circuit court and on appeal, should one be taken, "at any time after commence-

ment of the suit and reasonable notice to the man", and, as stated above, Section 29 of Chapter 35, Acts of the Legislature, 1935, specifically applies the section, from which the above quotation is made, to suits for separate maintenance. Clearly, if the Circuit Court entered its order of March 27, 1944, without "reasonable notice to the man", in this case, the relator, it assumed a power which it did not possess, and "exceeded its legitimate powers"; and, therefore, the decisive question is, was the relator given reasonable notice of the application for the allowance under attack?

This question must be answered in the negative. There is no contention that any notice of intention to apply for the allowance was given to the relator in any form or manner, or at any time. The contention is that the presence in court of relator's counsel of record, in the separate maintenance suit, at the time the motion for the allowance was made, amounted to notice to the relator. No authority is cited in support of this contention, we have found none, and we feel confident that none exists. To hold that the presence of plaintiff's counsel in court amounted to the notice required by Code, 48-2-13, would, in our opinion, violate all rules heretofore considered as fundamental in relation to requirement of notice in advance of a suit or action, or a proceeding in either, by which the property of the person required to be notified may be taken or affected. Of course, in pending suits or actions, the litigant, as to many things, is bound by notice to counsel; but this has never been considered as extending, and we do not think it should extend, to a notice which is required as necessary to confer jurisdiction on a court to exercise a particular power. The statute clearly defines what must be done before a court may, in a pending suit, decree an allowance of suit money and attorney's fees. The requirement of the statute would not be met by the service of a formal written notice on the attorney of record in the cause, because the requirement is "reasonable notice to the man", not his counsel. Therefore, in the circumstances of this case, the mere presence of relator's

counsel in court did not amount to notice to the relator that a motion for costs and attorney's fees would be made. The subsequent effort of relator's counsel to have the order of March 27, 1944, set aside, has no effect upon the right of relator to attack the validity of that order. That action was merely an effort to rid his client of the burden of what he considered a void order. We hold, therefore, that the order of March 27, 1944, was entered without notice to the relator, and is void, because in entering the same the Circuit Court exceeded its legitimate power in a case wherein it had jurisdiction. Being void, its enforcement will be prohibited.

We have no doubt as to the propriety of entertaining this proceeding in prohibition. It may be that the relator could have his complaint heard by this Court on an appeal from the order complained of; but, if so, the existence of that right does not, in the circumstances of this case, prevent him from resorting to prohibition. While this Court has never encouraged the use of the extraordinary writ of prohibition, where the usual processes of appeal or writ of error are available, we are mindful of the statutory provision that in certain cases "the writ of prohibition shall lie as a matter of right." The application of this provision has been considered in numerous cases, among which are *Norfolk & W. Ry. Co.* v. *Pinnacle Coal Co.*, 44 W. Va. 574, 30 S. E. 196; *State ex rel. The Wilkes Ins. Agency* v. *Damron*, 85 W. Va. 619, 102 S. E. 238; *George* v. *Kittle*, 102 W. Va. 613, 135 S. E. 900; *Wolfe* v. *Shaw*, 113 W. Va. 735, 169 S. E. 325; *Morris* v. *Calhoun*, 119 W. Va. 603, 195 S. E. 341. We discussed this question rather fully in *White Sulphur Springs, Inc.* v. *Ripley*, 124 W. Va. 486, 20 S. E. 2nd 794. In that case we said: "Not only does the writ lie to correct cases of usurpation and abuse when no jurisdiction exists, but covers a case where a court having such jurisdiction, exceeds its legitimate powers. 'Where the court, although having jurisdiction of the cause, during the trial of it, exceeds its powers in some matter pertaining thereto, for which there is no adequate remedy by the ordinary course of proceeding, the writ of prohi-

184

bition lies, under the general principles of law, as well under the statute * * *.' " *State* v. *Dailey,* 72 W. Va. 520, 79 S. E. 668; *New Gauley Coal Corp.* v. *Herndon,* 101 W. Va. 445, 132 S. E. 879, and *Wolfe* v. *Shaw, supra,* "seem to justify the writ in cases where resort to the processes of regular proceedings by way of appeal or writ of error would result in waste of time, effort and expense, and with no advantage to anyone."

The writ prayed for will be awarded, prohibiting the respondent, the Judge of the Circuit Court of Wayne County, from proceeding in any manner to enforce the allowance made to F. F. Scaggs, attorney for Jean Vinson Thacker, by the order of March 27, 1944, set up herein.

*Writ awarded.*