IRA SNYDER, *Committee*

*v.*

PAUL EDWIN LANE

(No. 10339)

Submitted April 24, 1951.   Decided May 29, 1951.

*Lycurgus Hyre, I. Raymond Murphy,* for appellant.

*Young & Coleman, U. G. Young, Jr.,* and *J. H. Coleman, Jr.,* for appellee.

HAYMOND, JUDGE:

This suit in equity was instituted in the Circuit Court of Upshur County, by the plaintiff, Ira Snyder; Committee of his daughter Helen Snyder Lane, an insane person, to require the defendant, Paul Edwin Lane, to maintain and support his wife who is the ward of the plaintiff and who, when this proceeding was commenced on October 11, 1949, was confined to the Weston State

Hospital, at Weston, in Lewis County, a mental institution operated and maintained by the State of West Virginia, where she is now being treated and cared for as a mental patient. The circuit court sustained the demurrer of the defendant to the bill of complaint of the plaintiff and, by final decree entered February 18, 1950, dismissed the suit at the cost of the plaintiff. From that decree the plaintiff obtained an appeal to this Court.

The bill of complaint alleges the following material facts which upon demurrer are regarded as true.

Several years before she was adjudged insane, Helen Snyder Lane and the defendant were married in September, 1931, in Garrett County, Maryland. After the marriage they lived together as husband and wife in Upshur County, West Virginia, until July 30, 1938, when, due to the cruelty of the defendant, she left him. After their separation she instituted a suit for divorce which apparently she later dismissed. At the instance of the defendant a reconciliation was effected and she returned to their home and again lived with him. On September 19, 1943, during this period of reconciliation, one child, a daughter, was born of the marriage. The defendant continued to mistreat his wife and in April, 1947, she left him again and with her child she lived for sometime at the home of her parents. She also instituted a second suit for divorce. Again, at the instance of the defendant, she and her husband reconciled their differences. She dismissed that suit, returned to their home, and again lived with the defendant.

After their second reconciliation the defendant abused and mistreated his wife with the result that she became nervous and her mind became confused and irrational. She sought and obtained medical aid in an attempt to restore her health, but the misconduct of the defendant in cursing and nagging her prevented her recovery. In March, 1948, the defendant took her to the home of her parents and left her there. He stated that he would return for her and take her to their home "in a couple of

days"; but he failed to return for her and refused to support her or to furnish her with medical or hospital assistance or to provide her with clothing or any other necessaries of life. He abandoned and deserted her to the care of her parents and has refused to contribute to her maintenance and support.

After the defendant left his wife at the home of her parents, Ira Snyder, her father, kept her in his home and furnished her with medical care and attention. Upon the advice of a competent physician, he placed her in the Medical Center of the Weston State Hospital where she remained and was treated as a patient for several months. During that time the defendant refused to visit her at the hospital and refused to pay the hospital bills or the other expenses incident to her illness. The amounts expended for these purposes by Ira Snyder were recovered and collected by him in an action instituted by him against the defendant.

Sometime during the year 1949 the wife of the defendant was discharged from the Medical Center of the Weston State Hospital. She then returned to the home of her parents where she lived until, later that year, she was adjudged insane by the Medical Hygiene Commission of Upshur County and committed to the Weston State Hospital and she is now a mental patient in that institution.

She and her husband own a tract of land of about seventy acres, improved with a dwelling and outbuildings, in Upshur County, and certain household goods and furniture. In this property each of them owns an undivided one-half interest. She also owns certain articles of personal property which are now on the land and in the possession of the defendant. The total value of the land is approximately $4,000. The defendant rents the dwelling on it for $25 per month, and this rental he keeps and uses as his own. He is a regularly employed coal miner and earns between $300 and $400 per month. He also

owns an automobile of the value of $1,500, is in good health, and is able to maintain and support his wife.

The prayer of the bill of complaint is that the plaintiff, as committee of Helen Snyder Lane, may obtain a decree for her separate maintenance and support while she is a patient in the Weston State Hospital and for such additional period of time as the plaintiff acts as her committee; that the defendant be required to pay the costs of this suit and a reasonable attorney's fee for counsel for the plaintiff; that the defendant be enjoined and restrained from selling or encumbering his interest in the land owned by him; that all personal property in the possession of the defendant belonging to his wife, and all rentals from the land, be delivered to the plaintiff as committee; and that the plaintiff be granted general relief.

The principal grounds relied upon by the defendant, in support of his demurrer and to sustain the decree of the circuit court, are: (1) no right exists in favor of Helen Snyder Lane against the defendant for her maintenance and support; (2) if such right exists, it can not be enforced by the plaintiff, as her committee; and (3) while a patient at the Weston State Hospital she is treated, cared for and maintained by the State at public expense and, for that reason, neither she nor her committee is entitled to any allowance from the defendant for her separate maintenance and support.

The duty of a husband to maintain and support his wife while the marital relation exists, unless by her conduct or for some other sufficient reason he is relieved of that duty, is firmly established in this jurisdiction; and a court of equity, inherently as well as by statute, has jurisdiction, in a suit for that purpose, to require him to do so. *Dailey* v. *Brennan,* 123 W. Va. 261, 14 S. E. 2d 617. A statute, first enacted by the Legislature in 1931, Section 29, Article 2, Chapter 48, of the Code, as amended by Section 29 of Chapter 35, Acts of the Legislature, 1935, Regular Session, provides that "Whenever

a husband shall, without good and sufficient cause, have failed to provide suitable support for his wife, or have abandoned or deserted her, or if the wife, for such cause as would entitle her to a divorce, is actually living apart from her husband, and such husband is in either case of sufficient ability to support his wife, the circuit court of any county that would have jurisdiction of a suit for divorce between the parties, shall, at the suit of the wife, in chancery, whether or not a divorce be prayed for, decree to the wife as alimony and separate maintenance such sum. out of the husband's earnings and income as the court may determine, considering the circumstances of the parties and their stations in life, and may prohibit the husband from imposing any restraint on her personal liberty, and may free her real and personal property from possession, control or any interest of the husband; * * *." This statute, except as to venue, merely declares the law as announced in prior decisions of this Court. See Revisers' Note to Code, 1931, 48-2-29; *Wolford* v. *Wolford*, 133 W. Va. 403, 56 S. E. 2d 614; *Goff* v. *Goff*, 121 W. Va. 479, 5 S. E. 2d 735. Before its enactment the right of a wife to maintain a suit in equity against her husband for separate maintenance and support was recognized by this Court in several cases. *Vickers* v. *Vickers*, 89 W. Va. 236, 109 S. E. 234; *State ex rel. Travis* v. *Maxwell*, 89 W. Va. 31, 108 S. E. 418; *Clifton* v. *Clifton*, 83 W. Va. 149, 98 S. E. 72; *Lang* v. *Lang*, 70 W. Va. 205, 73 S. E. 716, 38 L. R. A., N. S., 950, Ann. Cas. 1913D, 1129. The allegations of the bill of complaint show that the wife of the defendant, before she was adjudged insane, was deserted and abandoned by him; that he failed to provide suitable support for her; that she is actually living apart from him; and that he is of sufficient ability to maintain and support her. These allegations bring this case within the provisions of the above quoted statute and the cited decisions of this Court; and it is also clear that if the wife of the defendant were free of her disability of insanity she could personally prosecute and maintain this suit against him in her own behalf.

As, according to the allegations of the bill of complaint, she had the right, before she became insane, to maintain a suit against the defendant for her separate maintenance and support, her subsequent disability of insanity should not defeat or extinguish that right or prevent its exercise in her behalf. Nor does it do so. Section 1, Article 9, Chapter 27, Code, 1931, as amended by Section 1, Article 9, Chapter 78, Acts of the Legislature, 1949, Regular Session, provides that "When a person is found to be mentally diseased by any court or by the county mental hygiene commission, or is committed to a state hospital by the county court, the county court shall appoint a committee for him." Section 4 of the same article and chapter of the Code deals generally with the powers and the duties of such committee and contains these provisions: "The committee of any such person shall be entitled to the custody and control of his person, when he resides in the State and is not confined in a state hospital or in jail, and shall take possession of his estate, and may sue and be sued in respect thereto, and for the recovery of debts due to and from such person. He shall preserve such estate and manage it to the best advantage; shall apply the personal estate, or so much thereof as may be necessary, to the payment of the debts of such person, and the rents and profits of the residue of his estate, real and personal, and the residue of the personal estate, or so much as may be necessary, to the maintenance of such person, and of his family, if any; * * *". The right of the wife of the defendant, the ward of the plaintiff who was duly appointed as her committee by the county court of Upshur County on October 6, 1949, is a property right which, under the statute, the committee can enforce in her behalf in this suit. To hold otherwise would defeat her right to separate maintenance and support because of the disability of insanity which she was powerless to prevent and to the creation of which the misconduct of the defendant has to some extent contributed.

The committee of an insane person may maintain a suit to cancel a deed made by such person when mentally

incapacitated and when he had no committee and to recover money paid and to enjoin the collection of a note given by an insane person before the appointment of a committee. *Doak, Adm'r.* v. *Smith,* 93 W. Va. 133, 116 S. E. 691; *Heitt* v. *Shull,* 36 W. Va. 565, 15 S. E. 146. In *Fisher* v. *Fisher,* 54 W. Va. 146, 46 S. E. 118, this Court held that the plaintiff in that suit, the wife of the defendant, could be divorced from her insane husband for an act committed by him before his insanity, and recognized the right of the guardian *ad litem,* or the committee, or the next friend, of the insane defendant, to make defense in his behalf in the suit. By analogy, there seems to be no good or sufficient reason to deny the right of the committee of an insane wife to prosecute a suit for separate maintenance and support, in her behalf, against her husband, when her right to such maintenance and support has accrued before she became insane.

The contention of the defendant that this suit can not be maintained because his wife is a patient at the Weston State Hospital and is there treated, cared for and maintained by the State at public expense, is not well founded. The obligation of the defendant to maintain and support his wife is not satisfied, or discharged, by the medical care and treatment and the other services that she may receive, including food and lodging, while she is confined in the hospital, which under the provisions of Section 1, Article 5, Chapter 100, Acts of the Legislature, 1947, Regular Session, are now being provided at the expense of the State. The words "maintenance" and "support" are usually synonymous. They mean necessaries of life and means of livelihood and include, but are not limited to, food, shelter and clothing. *Dravecko* v. *Richard,* 276 N. Y. 180, 196 N. E. 17; 41 C. J. S. Husband and Wife, Section 57. See Black's Law Dictionary, Third Edition, pages 1143 and 1683; 54 C. J. S., Maintenance, page 905. " 'Maintenance', when applied to persons, has been defined as a word of general welfare, * * *. The term comprehends food, clothing, shelter, and medical care. It has been defined as meaning supply of the necessaries of life; live-

lihood; the furnishing by one person to another, for his support, of the means of living, or food, or shelter, clothing, etc.; the support which one person, who is bound by law to do so, gives to another." 54 C. J. S., Maintenance, page 905. In a general sense necessaries consist of whatever naturally and reasonably tends to relieve distress, or materially or in some essential particular, to promote comfort, either of body or mind. Necessaries in the absolute sense of the word consist of food, drink, clothing, medical attention and a suitable place of residence. The liability of the husband is not limited to articles required to sustain life or to preserve decency but it extends to those articles which would ordinarily be necessary and suitable in view of his rank, position, fortune, earning capacity, and mode of living. 41 C. J. S., Husband and Wife, Section 57. Under the allegations of the bill of complaint, it is obvious that the food, lodging, medical and hospital care and treatment which the wife of the defendant receives as a patient in the Weston State Hospital, do not fully constitute or equal maintenance and support which the defendant, as her husband, is under the legal duty to furnish and provide. It is evident that she is not now being provided with clothing or the usual comforts and conveniences of life by the defendant or by the State. The essential components and elements of maintenance and support, in any specific instance, depend on the facts and the circumstances of each particular case. The reasonable needs of his wife and the ability of the defendant to supply them must be ascertained by the circuit court upon a hearing in this case in determining the maintenance and support to which she is entitled from the defendant and the amount which he should be required to pay for that purpose.

Section 1, Article 5, Chapter 100, Acts of the Legislature, 1947, Regular Session, provides that the cost of the maintenance of patients admitted to mental institutions of the State shall be paid from funds appropriated for them, but that any such institution, through the board of control, shall have a right to reimbursement for all or

any part of such maintenance, in an amount not to exceed two dollars per day, from each patient or from the committee or the guardian of the estate of such patient, or, if such estate be insufficient, from the patient's husband, wife, children, father and mother, or any of them. The statute further provides that the board of control, in exercising its right of reimbursement, may exonerate any person chargeable with such maintenance from its payment in whole or in part if such person is unable to pay or if payment would work an undue hardship on him or his dependents. As the wife of the defendant, or the plaintiff, as her committee, may be or become liable for such proper amount as the board of control may claim or seek to recover as reimbursement, the statute does not extinguish the obligation of the defendant to maintain and support his wife.

For the reasons indicated, the final decree of the Circuit Court of Upshur County, which sustained the demurrer of the defendant to the bill of complaint and dismissed the cause, is reversed and set aside, and this suit is remanded to that court for further proceedings in conformity to the principles stated in this opinion.

*Reversed and remanded.*