STATE EX REL. VIRGINIA HAMMOND

*v.*

HONORABLE ROBERT M. WORRELL, *Judge, Etc.*

(No. 11043)

Submitted February 10, 1959.    Decided March 3, 1959.

GIVEN, JUDGE, dissenting.

*Lynch & Henderson, G. Berk Lynch,* for relator.

*Bailey, Worrell & Bailey, R. D. Bailey,* for respondent.

BROWNING, JUDGE:

This is an original proceeding in mandamus in which the petitioner, Virginia Hammond, sought a writ requiring the respondent, the Honorable Robert M. Worrell, Judge, etc., to perform certain acts in the divorce suit of Hammond v. Hammond pending in the Circuit Court of Wyoming County. A rule to show cause why the writ should not issue was awarded by this Court on January 26, 1959. However, the rule was limited to suit money, including support money, court costs and counsel fees for purposes of applying for an appeal in the divorce case mentioned in the petition. On February 6, 1959, the respondent answered, and on February 10, 1959, by agreement of the parties, an affidavit of Carl Hammond, plaintiff in the divorce suit, was filed showing the amount of money paid by affiant to his wife, the

petitioner, from January 1, 1958, through August, 1958. On the last mentioned date, briefs were filed by the parties and the Court heard oral arguments by counsel and by the respondent.

It is alleged in the petition that an order was entered in the divorce suit on January 7, 1958, directing the husband, Carl Hammond, to pay to the petitioner the sum of $170.00 a month for her support and maintenance, the payments to begin as of January 1, 1958, but that, after the granting of the final decree in September, 1958, Carl Hammond paid the petitioner only the sum of $100.00 a month for her support and maintenance, although the final decree provided that: "* * * the payment of alimony shall be extended as set forth in the prior temporary decree until such appeal is allowed or application denied." The respondent in answering says that it was the finding of the trial chancellor that Carl Hammond should, after the entry of the final decree, pay to his wife, the petitioner, only the sum of $100.00 a month as permanent alimony, and that the provision for continuing the temporary payments of $170.00 a month pending action on the appeal was erroneously entered in the final decree. The answer further states that counsel fees in the amount of $900.00 were awarded to the petitioner's attorneys for their services in the trial court in the divorce suit. It is not contended that any sum has been awarded to the petitioner's counsel for services in presenting an appeal to this Court from the final decree of the Circuit Court of Wyoming County. The petitioner alleges also that respondent has refused to require Carl Hammond to pay the necessary cost of transcribing the evidence in the divorce suit which is necessary to the presentation of a petition for an appeal to this Court. The answer does not deny this allegation of the petition.

The issues as restricted by the rule granted in this proceeding have been heretofore determined by this Court, and the law with reference thereto seems settled. Code, 48-2-13, provides that a trial court may compel the man to pay any sum necessary for the

"* * * maintenance of the woman, and to enable her to carry on or defend the suit in the trial court and on appeal should one be taken, * * *." In interpreting this language, this Court, and other courts in interpreting similar language in other statutes, have used such terms as: "Suit money", "Costs", "Counsel fees", "Support" and "Maintenance." This superfluity of wording has sometimes resulted in an overlapping of meaning that tends to obfuscate rather than clarify the statutory language. Compare *Finnegan* v. *Arnold*, 133 W. Va. 221, 55 S. E. 2d. 399; *Thacker* v. *Ferguson*, 127 W. Va. 177, 32 S. E. 2d. 47; *Miller* v. *Baer*, 114 W. Va. 566, 172 S. E. 612; *State* v. *Isbell*, 108 W. Va. 104, 150 S. E. 377; 9 W & P, Costs; 40 W & P, Suit Money; 40 W & P, Support and Maintenance.

The only syllabus point in *State ex rel. Cooper* v. *Garvin, Judge, etc.*, 139 W. Va. 845, 82 S. E. 2d. 612, states: "In a divorce suit in which the female litigant suffers an adverse decree, she is entitled to reasonable allowances for suit money, costs, counsel fees and support, pending the granting or refusal of an appeal by this Court; and upon the refusal by the trial court to make such allowances, she may have a writ of mandamus to compel the trial court to grant her such amounts as are reasonable and proper in the case." See also: *Kittle* v. *Kittle*, 86 W. Va. 46, 102 S. E. 799; *State* v. *Maxwell, Judge*, 89 W. Va. 31, 108 S. E. 418; *State* v. *Isbell*, 108 W. Va. 104, 150 S. E. 377; *Hatfield* v. *Hatfield*, 109 W. Va. 212, 153 S. E. 493; and *Biggs* v. *Moats*, 117 W. Va. 14, 183 S. E. 603. Thus it is clear, and we so hold, that the petitioner is entitled to an allowance of money necessary to secure a transcript of the evidence taken at the divorce hearing, for reasonable attorneys' fees for presentation of her petition to this Court for an appeal from the final decree of the Circuit Court of Wyoming County and other necessary court costs.

There are two provisions relating to alimony in the final decree. The fifth paragraph states: "It is ad-

judged, ordered and decreed that until the further order of the court, Carl W. Hammond shall pay to Virginia Hammond all unpaid accrued alimony heretofore decreed up to September 1, 1958, and that thereafter he shall pay her, until the further order of this court, alimony in the sum of $100.00 per month, beginning with the month of September, 1958, to the finding of which amount the said Virginia Hammond doth except upon the ground that it is insufficient and unwarranted by the evidence. In the penultimate paragraph of the decree appears the language heretofore quoted: "* * * but the payment of alimony shall be extended as set forth in the prior temporary decree until said appeal allowed or application denied." This Court has no original jurisdiction to fix the amount of money to be paid by a husband to his wife pending the granting or refusal of an appeal. *State ex rel. Cooper* v. *Garvin, supra.* In *Wass* v. *Wass,* 42 W. Va. 460, 26 S. E. 440, the first point of the syllabus reads as follows: "The question as to the amount of alimony *pendente lite* which shall be allowed the wife in a suit brought against her by her husband for divorce is one addressed to the sound discretion of the court under all the circumstances of the case, and the condition of the parties must also be taken into consideration."

The writ as limited by the rule, will be awarded requiring the respondent, the Honorable Robert M. Worrell, Judge of the Circuit Court of Wyoming County, to reconsider the motions of petitioner, and make these financial allowances prayed for by her: (1) Reasonable sums of money for her maintenance during the pendency of the appeal; (2) reasonable attorney fees for prosecuting the appeal; (3) the necessary cost of transcribing the testimony taken at the hearing; and (4) other necessary costs incident to the application for an appeal. The prayer of the petition in all other respects is denied.

*Writ awarded.*

GIVEN, JUDGE, dissenting:

In my view, the opinion of the Court extends unjus-

tifiably the rule laid down in the *Cooper* case, cited in the opinion in the instant case. Though broad language used in the syllabus of that case appears to justify the result reached by the Court in the instant case, in my view that conclusion is not required when that language is considered in the light of the controlling facts recited in the opinion.

In the *Cooper* case the wife testified that "she intended to seek an appeal from the final divorce decree, that she had no money with which to prosecute such an appeal and had no income with which to pay the costs, counsel fees, and no income at this time with which she could employ an attorney". No such showing of necessity is even attempted in the instant case. In the *Cooper* case a divorce had been denied the wife, and a divorce was granted to the husband. In the instant case the wife was granted a divorce, hence the only matter of which she can complain on appeal relates to property rights attempted to be adjudicated by the divorce decree. In the opinion in the *Cooper* case, the Court said: "When we come to the question of monetary allowances applied for by the relator, a different question is presented. Generally, in other jurisdictions, the awarding of such allowances is discretionary with the trial court. See *Mapes* v. *Mapes* (Wash.) 167 P. 2d 405; *Tenny* v. *Tenny* (Fla.) 3 So. 2d 375; *Wood* v. *Wood* (Mich.) 284 N. W. 627; *Tumini* v. *Tumini* (Pa.) 28 A. 2d 357; *Cline* v. *Cline* (Cal. App.) 23 P. 2d 431; *Elies* v. *Elies* (Wisc.) 300 N. W. 493; *Brong* v. *Brong* (Pa.) 195 A. 439; *Butler* v. *Butler* (N. C.) 39 S. E. 2d 745. In the *Butler* case, it is further held that the discretion is not absolutely in the trial court, but should be exercised within certain limits, '* * * and with respect to factual conditions.' In support of the general rule above mentioned, see Madden on Persons and Domestic Relations, Sections 97, 98; Schouler Divorce Manual, Section 224, et seq.; 1 Nelson Divorce and Annulment, Second Edition, Section 12, page 435; 27 C.J.S., Divorce, Section 220." In the instant case the trial court is required to make such allowance, not as a matter of discretion, but as a matter of right, re-

gardless of the purpose or ground of the expected appeal, and even though no possible ground of appeal exists.

No one doubts the power or duty of a trial court to make proper monetary allowances to a wife in proper circumstances, or that the discretion of the trial court in such matters is reviewable, where a necessity for such an allowance exists, but to require such an allowance in every case and circumstance, without regard to merit or justice, is not warranted by the decisions or by our statute.

The only pertinent statutory provision relating to such monetary allowances on appeal is found in Code, 48-2-13, which, insofar as pertinent, reads: "The court in term, or the judge in vacation, may, at any time after commencement of the suit and reasonable notice to the man, make any order that may be proper to compel the man to pay any sum necessary for the maintenance of the woman, and to enable her to carry on or defend the suit in the trial court and on appeal should one be taken * * *". Is it not significant, and should it not be controlling, that the statute provides that such payment "may" be made, and that the court may make "any order that may be proper" only for the purpose of requiring the man to pay any sum "necessary" for the maintenance of the woman, "and to enable her to carry on or defend the suit in the trial court and on appeal", should one be taken? Another provision of the Code provides that a trial court before which a divorce proceeding is pending may "award costs to either party as equity and justice require". Code, 48-2-11. Is it not a curious anomaly that a trial court may award costs in a pending case as "equity and justice require", yet may not use discretion or consider "equity and justice" in considering the necessity for such allowances where only an intention to apply for an appeal is indicated?

The holding in the instant case will require that the trial court in every case, where request therefor is made by the wife, grant to the wife an allowance sufficient for the purposes indicated, without regard to, indeed, in

spite of, the lack of necessity therefor, and without power to even consider the circumstances, though no possible ground for a successful appeal exists, though the wife be possessed of much wealth, though all the property and income earned during the marriage be vested in the wife, and though the husband be physically or mentally sick and helpless. Injustice resulting from such a holding will, almost certainly in many cases, because of human emotional characteristics of many of such litigations, coldly endure throughout the eight months appeal period and, perhaps in many cases, much longer, notwithstanding the marriage relations be then dissolved.

The answer of the respondent trial judge, filed in the instant case, shows that the wife employed three attorneys to represent her in the divorce proceeding; that her attorneys had been paid $900.00 in fees; that the husband "lost his home and his business as a result of this extended litigation"; that the wife is "a capricious client who has from day to day changed her mind, discharged one attorney, and whose capricious nature has brought about a multitude of unnecessary litigation"; that she "would agree to one thing at one time and change her mind the next day and the situation became so gross that one attorney" was permitted to withdraw from the case; and that the wife "agreed in writing" to certain pertinent matters, not relating to the granting of the divorce, and that she "abandoned her promise and authorization made in the presence of the court". These circumstances indicate what results may be expected from the holding which forecloses the right of a trial judge to deal with them. The road is left wide open for vengeful injustice.

Being of the views indicated, I respectfully dissent. I would have denied the relief prayed for in the petition.