OPAL REESE

*v.*

ODIE M. REESE

(CC 872)

Submitted April 23, 1968.            Decided May 7, 1968.

*Paul E. Parker, Jr.,* for plaintiff.

*Ray Michael Tatterson,* for defendant.

CALHOUN, JUDGE:

This case, which is before this Court on certification by the Circuit Court of Marion County pursuant to the provisions of Code, 1931, 58-5-2, as amended, involves an action for separate maintenance instituted in that court by Opal Reese against Odie M. Reese, her husband. The questions certified were submitted for decision on written briefs of counsel for the respective parties, oral argument having been waived.

The questions presented for decision were raised in the trial court by a motion filed by the defendant husband, pursuant to Rule 12 (b) (6) of the Rules of Civil Procedure,

to dismiss the action for failure of the plaintiff in her complaint to state a claim upon which relief can be granted for the following reasons stated in the motion:

"1. The complaint fails to allege that the plaintiff wife is living separate and apart from the defendant husband for such cause as would entitle her to a divorce.

"2. The complaint fails to allege facts showing that the plaintiff wife is entitled to an absolute divorce and therefore the plaintiff wife is not entitled to relief by way of separate maintenance."

The complaint alleges that while the parties were residing at their home in Marion County, the defendant husband, "* * * on the _____ day of February, 1967, without any cause whatsoever, deserted and abandoned the plaintiff and failed to provide suitable support for the plaintiff, his wife, and the defendant has since the _____ day of February, 1967, failed to provide suitable support for the plaintiff, his wife." Code, 1931, 48-2-4, as amended, which deals with grounds for divorce, provides that a divorce may be granted to the abandoned party when either party wilfully abandons or deserts the other "for one year." The desertion and abandonment alleged in the complaint were for a period less than one year. The complaint concludes with a prayer that the court require the defendant, from his earnings, to pay to the plaintiff such sum as the court may determine to be suitable and appropriate for her separate maintenance and for the support of an infant child of the parties and that the court require the defendant to pay to the plaintiff suitable attorney fees and court costs.

An order entered by the trial court on July 28, 1967, recites that the parties appeared before the court in person and by counsel "upon the written motion of the plaintiff for temporary support money, temporary alimony, suit fees including Court costs and reasonable attorneys fees and for an order granting custody of an infant child"; upon the defendant's motion to dismiss and upon certain other proceedings including arguments of counsel, from all of which the court found that the defendant in his employment earns in excess of nine thousand dollars a

year; and the parties last resided together in Marion County "when the defendant physically removed from the home in February of 1967"; that the plaintiff is not employed and that her physical condition renders her unemployable; and that the complaint does not allege facts constituting a matured ground for divorce. Thereafter the order sets forth the holdings and judgment of the court as follows:

> "Upon due consideration of all of which the Court is of the opinion that said motion to dismiss is well taken and does hereby sustain said motion to dismiss and does overrule the motion of the plaintiff for an order requiring the defendant to pay temporary support money for the plaintiff during the pendency of the action and does overrule the motion of the plaintiff for support money for the infant *children* of the *party* pending the action and does overrule the motion of the plaintiff for an order requiring the defendant to pay the plaintiff a suitable sum to prosecute this action including Court costs and reasonable attorneys fees, and does overrule the motion of the plaintiff for an order granting the care, custody and control of the infant David Lee Reese to the plaintiff, as set forth in the written 'Opinion' of the Court filed in this action and it is accordingly ordered that the motion to dismiss be, and the same is hereby sustained, and the motion of the plaintiff for temporary alimony and support money for the plaintiff, for temporary support money for the infant, for suit money and attorneys fees, and for custody of said child be, and the same are each hereby, overruled and further that said written 'Opinion' of the Court be, and the same is hereby made a part of the record in this action."

The written opinion of the trial court states: "While the complaint alleges a failure to provide suitable support without good and sufficient cause and further alleges abandonment and desertion for a period of less than one year, * * * the complaint does not show on its face any facts that would entitle the plaintiff to a divorce." The opinion further states that the court has "no jurisdiction" to entertain the action for separate maintenance "since no facts are alleged that would entitle the plaintiff to a divorce, * * *." As the basis of its ruling the trial court,

in its written opinion, relied upon the sixth point of the syllabus of *Gallaher* v. *Gallaher*, 147 W. Va. 463, 128 S. E. 2d 464, which is as follows: "Code, 48-2-29, as amended, authorizes the allowance of separate maintenance to a wife only if she is living separate and apart from her husband for such cause as would entitle her to a divorce."

Upon its own motion the trial court certified to this Court two questions as follows:

"1. Is the plaintiff wife entitled to separate maintenance since her complaint does not allege or show on its face a ground for divorce or facts which would entitle her to a divorce?

"2. Is the plaintiff wife entitled to an order requiring the defendant to pay to her a suitable sum of money for her maintenance and support, a suitable sum of money for the maintenance of the infant child residing with her pending this action, and an allowance for suit money and reasonable attorneys' fees and awarding temporary custody of the infant child to her since the complaint does not allege facts that would entitle the plaintiff to a divorce?"

We are of the opinion that the trial court erred in its holding that it lacked "jurisdiction" to entertain the separate maintenance action and, pending the final determination thereof, to enter an order or orders providing for the separate maintenance of the wife; for the support and temporary custody of the infant child; and awarding to the wife such sum or sums as may be deemed reasonable and proper as court costs and attorney fees, notwithstanding the fact that the complaint fails to allege facts which, if properly proved, would entitle her to a divorce from her husband.

In answer to the first certified question, we hold that the wife has the right to maintain and to prosecute her action for separate maintenance, notwithstanding the fact that she did not allege in her complaint facts which, if proved, would constitute a ground for divorce.

In relation to the second question certified, we merely hold that the trial court erred in holding that it lacked "jurisdiction" to enter proper orders in relation to the

matters referred to therein, but we are of the opinion that, if we were to answer the second question squarely in the affirmative, our doing so might constitute or be construed as an improper invasion of the trial court's prerogative in determining the proper action to be taken and the proper orders to be entered in the case.

Code, 1931, 48-2-29, as amended, the separate maintenance statute is, in part, as follows: "Whenever a husband shall, without good and sufficient cause, have failed to provide suitable support for his wife, or have abandoned or deserted her, or if the wife, for such cause as would entitle her to a divorce, is actually living apart from her husband, * * * the circuit court * * * shall, at the suit of the wife, * * * whether or not a divorce be prayed for, decree to the wife as alimony and separate maintenance such sum * * * as the court may determine, * * *; and during the pendency of the suit the court, or judge thereof in vacation, shall have the same powers to make such orders as are provided for suits for divorce by section thirteen of this article * * *." The separate maintenance statute, insofar as it relates to the jurisdiction of a court to entertain a suit for separate maintenance, is merely declaratory of the law announced in the decisions of this Court before its enactment. *Lieberman* v. *Lieberman*, 142 W. Va. 716, 724, 98 S. E. 2d 275, 281; *Snyder* v. *Lane*, 135 W. Va. 887, 892, 65 S. E. 2d 483, 486. The "section thirteen", referred to in the separate maintenance statute, is Code, 1931, 48-2-13, which authorizes the court, or the judge thereof in vacation, to enter pendente lite orders in a divorce action to provide for the custody and maintenance of minor children of the parties and to compel the husband to pay any sum necessary for the maintenance of the wife and to enable her to carry on or defend the action in the trial court or on appeal. A court, or the judge thereof in vacation, has the same right, power and authority in a separate maintenance action as in a divorce action to enter pendente lite orders in relation to the matters referred to in the second certified question. *Thacker* v. *Ferguson*, 127 W. Va. 177, pt. 1 syl., 32 S. E. 2d 47; *Goff* v. *Goff*, 121 W. Va. 479, pt. 1 syl., 5 S. E. 2d 735. A similar

rule was applied even before the enactment of the separate maintenance statute. *State ex rel. Travis* v. *Maxwell*, 89 W. Va. 31, 108 S. E. 418.

It is apparent, therefore, that the first certified question presents the pivotal and determinative question for decision. In that connection, we are of the opinion that the trial court misconstrued the decision of this Court as summarized in the sixth point of the syllabus of *Gallaher* v. *Gallaher*, 147 W. Va. 463, 128 S. E. 2d 464.

Code, 1931, 48-2-29, as amended, the separate maintenance statute previously referred to, provides disjunctively for three separate bases or factual situations, under any one of which an action for separate maintenance may be maintained, as follows: (1) Whenever a husband shall, without good and sufficient cause, have failed to provide suitable support for his wife; or (2) shall have abandoned or deserted her; or (3) a situation in which the wife, for such cause as would entitle her to a divorce, is actually living separate and apart from her husband. We must assume that the legislature deliberately defined the three factual situations disjunctively, thereby clearly providing that the existence of any one of the three would be sufficient to authorize the institution and maintenance of a suit for separate maintenance. The complaint in this case, by proper allegations, is predicated upon the first two grounds defined by the statute and referred to immediately above and not to the third which relates to a situation of a wife living apart from her husband "for such cause as would entitle her to a divorce."

The sixth point of the syllabus of *Gallaher* v. *Gallaher*, 147 W. Va. 463, 128 S. E. 2d 464, deals merely with the third category defined by the separate maintenance statute, as we have designated that category previously in this opinion. It correctly states and interprets the third category or factual situation defined by the statute. It makes no reference to the earlier portions of the statute dealing with a husband who shall, "without good and sufficient cause, have failed to provide suitable support for his wife, or have abandoned or deserted her * * *." The same is true of the language quoted in the *Gallaher* case from

the case of *Christopher* v. *Christopher,* 144 W. Va. 663, 669, 110 S. E. 2d 503, 507. The language thus quoted from the *Christopher* case embodies a correct application of the language of the separate maintenance statute, because it appears that in that case the wife, while separated from her husband, instituted a separate maintenance suit against him on the ground of cruel and inhuman treatment.

We are of the opinion that the soundness of our decision and the correctness of our construction of the separate maintenance statute is buttressed by the following language used in relation to that statute in *Dailey* v. *Brennan,* 123 W. Va. 261, 263, 14 S. E. 2d 617, 618: "* * * Inasmuch as the clear intent of the legislature was to give statutory force to an established right then vested in a wife who had been deserted, and that independent of a suit for divorce, we hesitate to hold that there was an intent on the part of the legislature to limit such existing right. A deserted wife is entitled to support for herself and children without regard to the time the desertion continues, yet to entitle her to a divorce therefor it must be continued for two years [now one year], during which time, according to the contention of the petitioner, she could not, in our courts, maintain a suit for separate maintenance. We cannot think the legislature intended such a limitation on the rights of a married woman as they existed when the statute in question was enacted, the effect of which would be to leave her helpless in some cases for a long period. * * * The right of support thus assured to a wife should not be deferred or restricted beyond what is clearly intended in any legislation on the subject."

For reasons stated in this opinion, the Court, in answering the two questions certified, holds that the Circuit Court of Marion County has jurisdiction, power and authority to entertain the action for separate maintenance involved in this case; to enter such pendente lite orders therein as are authorized in divorce actions by the provisions of Code, 1931, 48-2-13; that the trial court erred in sustaining the defendant's motion to dismiss the action; and, therefore, the judgment of the Circuit Court of Marion County is reversed.

*Reversed.*